In re BRATEMAN BROS., INC., Debtor.

Irving M. BRATEMAN, Plaintiff,

v.

BRATEMAN BROS., INC., Adolph B. Brateman, Defendants.

Bankruptcy No. 91–11466.
Adv. No. 91–1152.

United States Bankruptcy Court,
N.D. Indiana,
Fort Wayne Division.

Dec. 20, 1991.

854

Richard Snouffer, Stanley Levine, Fort Wayne, Ind., for plaintiff.

Sam Fogel, David Peebles, Fort Wayne, Ind., for defendants.

## DECISION

ROBERT E. GRANT, Bankruptcy Judge.

This bankruptcy has its seeds in internecine warfare between the debtor's two shareholders, Irving and Adolf Brateman. They were apparently unable to determine how the business should be operated and, prior to the petition, Irving Brateman filed a complaint with the Allen Superior Court seeking to have the corporation dissolved. The Defendant, Adolph Brateman, responded with a counterclaim on his own behalf, seeking damages due to plaintiff's allegedly excluding him from participation in the corporation. Adolph Brateman also filed a derivative action on behalf of the corporation, seeking to recover damages from his brother Irving as a result of alleged breaches of plaintiff's fiduciary obligations to the corporation.

The corporation ultimately became a debtor under Chapter 11 of the United States Bankruptcy Code and, largely due to the apparently irreconcilable conflict between the two brothers, Mr. Steven Goldberg was appointed as trustee of the Chapter 11 bankruptcy estate. Mr. Goldberg is currently in the process of liquidating the corporation's assets by selling the business as a going concern.

On October 8, 1991, the Defendant, Adolph Brateman, filed a notice of removal, by which he sought to remove the state court action to the bankruptcy court. This matter is presently before the court on the trustee's motion to abstain or remand this matter back to the Allen Superior Court.

Section 1452 of Title 28 provides for the removal of claims related to bankruptcy cases. It allows for the removal of

any claim or cause of action in a civil action ... to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under [28 U.S.C. § 1334]. 28 U.S.C. § 1452(a).

Bankruptcy Rule 9027 implements this statute by establishing the procedures for removal and the time within which it must be sought. Once an action has been removed, the court may remand it "on any equitable ground." 28 U.S.C. § 1452(b).

A comparison of the bankruptcy removal statute with the legislation governing removal generally reveals an interesting distinction between the two. Nonbankruptcy removal to the district court is authorized by 28 U.S.C. § 1441. This statute allows for the removal of "*any civil action* brought in State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a) (emphasis added). Bankruptcy removal, on the other hand, is available only as to a "claim or cause of action *in a civil action*" over which the district court would have jurisdiction pursuant to 28 U.S.C. § 1334. 28 U.S.C. § 1452(a) (emphasis added). This difference in wording has led one commentator to seriously suggest that there is a fundamental difference between removal generally and bankruptcy removal. *See* S. Elizabeth Gibson, *Removal of Claims Related to Bankruptcy Cases: What is a "Claim or Cause of Action?"* 34 UCLA L.Rev. 1 (1986). Unlike removal generally, in which an entire lawsuit is transferred from state court to district court, Professor Gibson argues that bankruptcy removal does not involve the transfer of an entire law suit. Instead it operates only to transfer those portions of a law suit involving the debtor over which the bankruptcy court would otherwise have jurisdiction; leaving any collateral disputes which might also be raised in the litigation, whose resolution would have absolutely no impact on the

administration, liquidation, or distribution of the bankruptcy estate, in the state court where the action originated. *Id.*

While all of the parties to the present motion have assumed that the entire litigation before the Allen Superior Court has been removed, Professor Gibson's analysis would indicate that this is not so. Instead, only the original claim for dissolution and the derivative action, which is property of the estate pursuant to 11 U.S.C. § 541, would be removable. The counterclaim by Adolph Brateman, which seeks to recover damages from his brother as a result of having been excluded from participation in the corporation's affairs, would remain in state court. This counterclaim is not a dispute which involves either the assets or liabilities of the corporation and its resolution will have absolutely no impact upon the assets available for distribution or the manner in which those assets will be distributed. As a result, it is not a claim over which this court would otherwise have jurisdiction pursuant to § 1334. *See Matter of Xonics,* 813 F.2d 127 (7th Cir.1987).

■ All of the parties to this action agree that plaintiff's original claim for dissolution and Adolph Brateman's prosecution of the derivative action counterclaim have been stayed as a result of the debtor's bankruptcy, pursuant to 11 U.S.C. § 362. This stay has not been terminated. Adolph Brateman's individual counterclaim against his brother is not, however, subject to the automatic stay.

■ While it appears that the automatic stay may not apply to the removal of pending litigation, the mere fact that litigation is removed does not operate to terminate the automatic stay. The Advisory Committee's notes to Rule 9027 clearly reveal that the stay continues even after removal.

If the claim or cause of action which is removed to the bankruptcy court is subject to the automatic stay of § 362 of the Code, the litigation may not proceed in the bankruptcy court until relief from the stay is granted. Bankruptcy Rule 9027, Advisory Committee Note (1983).

The court is faced with the situation of having a case on its docket which may not proceed to a complete resolution. Curiously enough, the elements of the litigation which provided the grounds for removal are not permitted to go forward, due to the automatic stay, while a claim over which this court would have no independent jurisdiction (assuming that the individual dispute between the brothers has been removed) and which this court has no interest in deciding (due to the lack of impact upon the estate) is arguably before the court and ready to proceed to resolution. Furthermore, it was was not necessary to seek removal now in order to preserve that opportunity when the litigation is in a position to move forward. Pursuant to Bankruptcy Rule 9027(a)(2), removal will be possible after termination of the stay. This portion of the rule was adopted with the specific purpose of relieving parties to stayed litigation from the need to act immediately in order to protect the right of removal, thereby minimizing precisely the situation which now confronts the court. *See* Bankruptcy Rule 9027, Advisory Committee Note.

■ The parties agree that the derivative action counterclaim is property of the bankruptcy estate pursuant to § 541 and the court concurs. As a result, not only has that litigation been stayed but the right to prosecute the claim is now vested exclusively in the bankruptcy trustee. *See Matter of U.S. Marketing Concepts, Inc.,* 113 B.R. 487, 490 (Bankr.N.D.Ind.1990); *Mele v. First Colony Life Ins. Co.,* 127 B.R. 82, 84 (D.D.C.1991). Consequently, Mr. Brateman, the party who originally asserted the claim, lacks the standing to continue its prosecution. Only the trustee may do so. Thus, but for the automatic stay, the action is potentially vulnerable to dismissal. *See Matter of Perkins,* 902 F.2d 1254, 1258 (7th Cir.1990) ("When a third party tries to assert an action still vested in the trustee, the court should dismiss the action.").

■ To allow removal in this situation, effectively permits a stranger to the action to determine where the true combatants will do battle. The scenario presently before the court indicates that a narrow construction should be placed upon the term "[a] party" used in 28 U.S.C. § 1452(a). In

determining who has the right to remove pending litigation, the term should not necessarily be construed in the formal sense, as extending to any named party to the action, but, instead, should be construed as something more akin to a "real party in interest" or one who has a stake in the outcome. As Professor Gibson noted in her article,

> If none of the parties to a particular claim desires to have it litigated in bankruptcy court, even though the court would have jurisdiction over it, there seems to be no reason to permit a stranger to the claim to remove it and thereby burden the bankruptcy court. Gibson *Removal of Claims*, 34 UCLA L.Rev. at 49–50.

At the present time, Adolph Brateman should be considered a stranger to the litigation involving the bankruptcy estate. He has no standing to assert the derivative action, since that right is now vested exclusively in the trustee, and he will not be responsible for satisfying any judgment that might eventually be won. As such, he is no longer a real party in interest.

Since the derivative action is property of the bankruptcy estate and the right to prosecute it is now vested exclusively in the trustee, it is the trustee who should have the opportunity to determine what will become of the law suit and where it will be prosecuted. The trustee, as the real party in interest, should, in this court's opinion, be given the initial decision as to where he would like to have this action prosecuted, either in the state court or in this court. At the present time it is clear that the trustee has no interest in litigating this matter before the bankruptcy court. To allow Adolph Brateman to remove the action will effectively deprive the trustee of his legitimate choice of forum.

The potential future of this litigation, as an asset of the estate, also persuades the court that remand is appropriate. There are several possible outcomes for the asset, only one of which will potentially justify removal and if the matter is removed at the present time may ultimately require either dismissal or remand at a later date. The trustee might, after investigation, determine that the asset is not worth pursuing and abandon it, following notice to creditors. If so, the court would lose jurisdiction over the litigation, which would then require either dismissal or remand. *See Xonics*, 813 F.2d 127. The trustee might decide that the asset is best maximized by selling it to a third party. In this event, the cause of action would cease to be property of the bankruptcy estate and the court would lose jurisdiction over it, requiring either remand or dismissal. *See Id. See also Matter of Chicago, Rock Island and Pacific R. Co.*, 794 F.2d 1182 (7th Cir.1986). Alternatively, the trustee might, following notice to creditors, compromise the litigation, which would eliminate the need to prosecute the action in this or any other court, thus, justifying dismissal. Lastly, the trustee might decide to prosecute the action for the benefit of the bankruptcy estate. If so, as indicated above, he should have his initial choice of forum. Once the automatic stay has been terminated, the litigation would again become removable to this court, should that be either his desire or the desire of his opponent. *See* Bankruptcy Rule 9027(a)(2).

For all of the foregoing reasons, it is this court's conclusion that remand of this litigation is appropriate and an order doing so will be entered.