**MID KANSAS FEDERAL SAVINGS AND LOAN ASSOCIATION OF WICHITA By and Through its Receiver RESOLUTION TRUST CORPORATION and Mid Kansas Savings and Loan Association, F.A. By and Through its Receiver Resolution Trust Corporation, Plaintiffs,**

v.

**ORPHEUM THEATER COMPANY, LTD., a Kansas corporation; Orpheum Centre Office Building, a Kansas limited partnership; Orpheum Building Management, Inc., a Kansas corporation; Orpheum Centre Owners' Association, a Kansas corporation; Orpheum Performing Arts Centre, Ltd., a Kansas corporation; et al., Defendants.**

Civ. A. No. 89–1613–FGT.

United States District Court,
D. Kansas.

Feb. 9, 1993.

---

David C. Adams, Karl R. Swartz, Susan R. Schrag, Morris, Laing, Evans, Brock & Kennedy, Chtd., Mert F. Buckley, Adams, Jones, Robinson & Malone, Wichita, KS, for Mid Kansas Federal Sav. and Loan Ass'n of Wichita, by and through its Receiver Resolution Trust Corp.

Timothy B. Mustaine, Foulston & Siefkin, Wichita, KS, for Orpheum Centre Office Bldg., and Orpheum Bldg. Management.

Jack N. Turner, Turner Law, P.A., Wichita, KS, for Orpheum Performing Arts Centre, Ltd.

Alexander B. Mitchell, II, Klenda, Mitchell, Austerman & Zuercher, Wichita, KS, for M. Meredith Hill.

George A. Lowe, Lowe, Farmer, Bacon & Roe, Olathe, KS, for Earl Chandler.

David L. Dahl, Kassebaum & Johnson, Wichita, KS, for Robert Tway.

Thomas M. Bradshaw, Hoskins, King, McGannon & Hahn, Kansas City, MO, Robert A. West, Yonke, Arnold, Newbold & Regan, P.C., Kansas City, MO, for Richard W. Greene.

Thomas M. Bradshaw, Hoskins King, McGannon & Hahn, David T. Holt, Campbell & Meyers, Kansas City, MO, for Daniel J. Burke.

Timothy B. Mustaine, Foulston & Siefkin, William S. Woolley, Martin, Pringle, Oliver, Wallace & Swartz, Wichita, KS, for James M. Callender.

William A. Vickery, McMaster & McMaster, Wichita, KS, for Lyle J. Darling.

Timothy B. Mustaine, Foulston & Siefkin, Roger Sherwood, Sherwood, Harper & Gregory, Wichita, KS, for J. Kendall Dillehay and Terry L. Duncan.

Timothy B. Mustaine, Foulston & Siefkin, Wichita, KS, for S.W. Furgason.

John F. Reals, Houk, Reals & Weber, Stephen B. Plummer, Sedgwick County Counselor, Wichita, KS, for R.M. Haden and Treva F. Haden.

Thomas M. Bradshaw, Hoskins, King, McGannon & Hahn, Robert A. West, Yonke, Arnold, Newbold & Regan, Kansas City, MO, for Roger B. Kelsay and Mildred G. Kelsay.

William A. Vickery, McMaster & McMaster, Stan E. Wisdom, Stan E. Wisdom, P.A., Wichita, KS, for Mary Lee Lewis.

Timothy B. Mustaine, Fouston & Siefkin, Roger Sherwood, Sherwood, Harper & Gregory, Wichita, KS, for Estel L. Landreth.

Terry G. Paup, pro se.

Timothy B. Mustaine, Foulston & Siefkind, Wichita, KS, for John S. Ranson and John H. Rogers.

John F. Reals, Michille A. Nolan, Stephen B. Plummer, Sedgwick County Counselor, Wichita, KS, for Marjorie I. Setter.

William A. Vickery, McMaster & McMaster, Wichita, KS, for Steven Wisdom.

Carmen S. Greenup, Sedgwick County Legal Dept., Wichita, KS, for Sedgwick County Bd. of Com'rs.

Kurt A. Harper, Sherwood, Harper & Gregory, Wichita, KS, for Estel L. Landreth and J. Kendall Dillehay.

Bradley A. Stout, Triplett, Woolf & Garretson, Wichita, KS, for Douglas V. Horbelt.

## MEMORANDUM AND ORDER

THEIS, District Judge.

This action was brought by Mid Kansas Federal Savings and Loan Association of Wichita ("Mid Kansas") in state court. Several months later Resolution Trust Corporation ("RTC") was appointed receiver for Mid Kansas and was substituted as plaintiff in this action. Plaintiff removed the action to this court. Plaintiff seeks to collect on a series of promissory notes and related guarantees and to foreclose on the

real estate mortgage securing the promissory notes.

The matter is before the court on a plaintiff's motion for summary judgment on defendant Richard Greene's affirmative defenses and counterclaim. This court has previously outlined the facts surrounding this case in its *Memorandum and Order* filed November 24, 1992. *Mid Kansas Federal Sav. & Loan Assoc. v. Orpheum Theater Co.*, 810 F.Supp. 1184 (D.Kan. 1992). Therefore, the court will provide here only a bare sketch of the relevant facts.

In 1986 a limited partnership called Orpheum Centre Office Building acquired the Orpheum Theater building in downtown Wichita, Kansas as part of a project to convert the building into office condominiums. Defendant Greene was a limited partner.

In 1986 a promissory note previously issued to Mid Kansas on a $2,500,000 loan was modified to make the limited partnership liable on the note, and personal guarantees were issued by the limited partners. The limited partnership defaulted on the loan, and this action was brought to recover on the note and the guarantees and to foreclose the mortgage on the Orpheum building.

Defendant Greene has filed for Chapter 11 Bankruptcy protection in Arizona.

Plaintiff seeks recovery from defendant Greene on personal guarantees he made to secure Mid Kansas' loan to Orpheum. Defendant filed affirmative defenses and a counterclaim against the plaintiff, RTC, the receiver for Mid Kansas, alleging that Mid Kansas Federal had fraudulently induced them into their guarantees of Orpheum's promissory note. Plaintiff moves for summary judgment on the counterclaim and affirmative defenses.

The court is familiar with the standards governing the consideration of a motion for summary judgment. The Federal Rules of Civil Procedure provide that summary judgment is appropriate when the documentary evidence filed with the motion "show[s] that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). A principal purpose "of the summary judgment rule is to isolate and dispose of factually unsupported claims or defenses...." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986). The court's inquiry is to determine "whether there is the need for a trial—whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202 (1986). The parties here agree on all the facts relevant to this motion.

As this court held previously in this case, *Mid Kansas Federal Sav. & Loan Assoc. v. Orpheum Theater Co.*, 810 F.Supp. at 1191, 12 U.S.C. § 1823(e) bars a defendant from raising against the RTC affirmative defenses and counterclaim based on fraud in the inducement unless the fraud:

(1) is in writing,

(2) was executed by the depository institution and any person claiming an adverse interest thereunder, including the obligor, contemporaneously with the acquisition of the asset by the depository institution,

(3) was approved by the board of directors of the depository institution or its loan committee, which approval shall be reflected in the minutes of said board or committee, and

(4) has been, continuously, from the time of its execution, an official record of the depository institution.

12 U.S.C. § 1823(e).

■ Defendant does not dispute that this federal statute bars his affirmative defenses and counterclaim. Rather, he argues that the plaintiff's claims against him are subject to the automatic bankruptcy stay as provided in 11 U.S.C. § 362(a)(1).

11 U.S.C. § 362(a)(1) provides that a petition for federal bankruptcy protection operates as a stay of:

the commencement or continuation, including the issuance or employment of

process, of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title.

Defendant argues that the court cannot grant summary judgment on defendant's affirmative defenses. The court agrees. Clearly, to rule on the affirmative defenses defendant has asserted would be to continue a judicial proceeding against the debtor.

■ Defendant does not argue that the automatic stay under 11 U.S.C. § 362(a)(1) applies to his counterclaim. A petition in bankruptcy does not stay claims, including counterclaims, brought by the debtor. *See Maritime Elec. Co. v. United Jersey Bank,* 959 F.2d 1194, 1203–05 (3d Cir.1991) (automatic stay applicable to debtor's father's conversion claim against debtor, but not to debtor's counterclaims against father). *See also Brown v. Armstrong,* 949 F.2d 1007, 1009–10 (8th Cir.1991); *Martin–Trigona v. Champion Fed. Savings and Loan Assoc.,* 892 F.2d 575, 577 (7th Cir. 1989); *Carley Capital Group v. Fireman's Fund Ins. Co.,* 889 F.2d 1126, 1127 (D.C.Cir.1989); *Freeman v. Commissioner of Internal Revenue,* 799 F.2d 1091, 1093 (5th Cir.1986). Therefore, plaintiff is entitled to summary judgment as to defendant's counterclaim.

IT IS BY THIS COURT THEREFORE ORDERED that the plaintiff's motion for summary judgment (Doc. 292) is hereby granted in part and denied in part.