**In the Matter of UNITED IMPORTS CORP., Debtor.**

**Bankruptcy No. BK96–81674.**

United States Bankruptcy Court,
D. Nebraska.

Aug. 19, 1996.

Thomas Stalnaker, James Cavanagh and Sandra Dougherty, Omaha, NE, for debtor.

Robert Bothe and Matt McGrory, Omaha, NE, for Time Warner Cable of NYC.

Chris Curzon, Omaha, NE, for First National Bank.

Sam King, Omaha, NE, for U.S. Trustee.

## MEMORANDUM

TIMOTHY J. MAHONEY, Chief Judge.

Hearing was held on August 9, 1996, on an Emergency Motion for Order Staying Discovery. This memorandum contains findings of fact and conclusions of law required by Fed.Bankr.R. 7052 and Fed.R.Civ.P. 52. This is a core proceeding as defined by 28 U.S.C. § 157(b)(2)(A).

### Background

Prior to filing its voluntary petition in Chapter 11, the debtor, United Imports Corp. was named as a defendant in litigation initiated by Time Warner Cable of New York City, a division of Time Warner Entertainment Company, Inc., L.P. (Time Warner). The litigation was, prior to the filing of the petition, pending before the United States District Court for the Eastern District of New York. In its complaint, Time Warner alleged violations of §§ 553 and 605 of the Cable Communications Policy Act of 1984, and sought to enjoin the sale and distribution of certain electronic equipment sold by the debtor. In addition, Time Warner sought to impose a constructive trust on all revenues and profits which accrued to the debtor and to recover damages based upon the sales of equipment by the debtor.

On July 11, 1996, Time Warner obtained an ex parte temporary restraining order issued by the federal district court judge before whom the case was pending. The temporary restraining order restrained the debtor from engaging in certain activities and froze certain assets of the debtor. A hearing was held before the district court on July 25, 1996 on a permanent injunction, but no order was issued on that date.

The debtor filed its petition in the bankruptcy court for the District of Nebraska on August 1, 1996. Four days after the petition

had been filed, the district judge in the New York litigation entered an order captioned "Order Granting Preliminary Injunction." The court noted that "subsequent to the conclusion of the hearing, the court has been informed that defendant United Imports d/b/a M.D. Electronics and Everquest has filed a petition in bankruptcy under 11 U.S.C. § 1101 in the United States Bankruptcy Court of the District of Nebraska." In part, the order:

    1.  Enjoined the debtor from selling, transporting, transferring, relocating or advertising and/or offering for sale, modification, manufacture or distribution of cable television non-addressable decoding devices and related equipment;

    2.  Required the debtor to permit inspection of its stock of decoding devises by the plaintiff at its premises, up to two times per business week;

    3.  Enjoined the debtor from further advertising the sales of decoding devices, and required the debtor to take steps to curtail the future appearance of such advertisements for which it had previously contracted;

    4.  Enjoined the debtor from destroying certain business records;

    5.  Enjoined Joseph Abboud, the President of the debtor, from transferring, removing, encumbering or permitting the withdrawal of any assets or property, presently or formerly belonging to him, whether real or personal;

    6.  Required the First National Bank of Omaha to comply with a subpoena previously served upon it which sought production of documents reflecting the banking records of the debtor;

    7.  Required that the debtor continue to provide Time Warner with an accounting listing the total number of sales and purchases of decoders from July 10, 1996 to the present;

    8.  Required the debtor to provide Time Warner with information contained in documents sent to it by Time Warner;

    9.  Required the debtor to provide to Time Warner copies of its books and records.

On August 8, 1996, the debtor filed an emergency motion for order staying discovery. A hearing was held on August 9, 1996, at which the debtor agreed to obey the district court's order regarding the sale of decoder devices.

### Decision

The discovery obligations of the debtor and the First National Bank of Omaha and Joseph Abboud, in his capacity as President or other officer of the debtor, pursuant to the order of the United States District Court for the Eastern District of New York are a continuation of a prepetition lawsuit against the debtor, and are stayed pursuant to 11 U.S.C. § 362.

### Discussion

■■■■ The automatic stay is triggered by the filing of a petition in bankruptcy, and it stays the continuation of prepetition litigation against the debtor. 11 U.S.C. § 362(a). That section specifically provides in part:

> A petition under section ... 301 ... of this title, ..., operates as a stay, applicable to all entities, of—
>
> (1) the commencement or continuation, ..., of a judicial ... proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title.

11 U.S.C. § 362(a)(1). The automatic stay is broad in scope and applies to almost every formal and informal action against the debtor or property of the debtor, except as set forth under (b) of Section 362. 2 LAWRENCE P. KING, ET AL., COLLIER ON BANKRUPTCY ¶ 362.04, at 362–34 (15th ed. 1996).

> The purpose of the automatic stay is to give the debtor a breathing spell from his creditors in which he may attempt a repayment or reorganization plan ... The automatic stay also protects creditors by averting a scramble for the debtor's assets and promoting instead an orderly liquidation procedure under which all creditors are to be treated equally.

*Farley v. Henson*, 2 F.3d 273, 274 (8th Cir. 1993) (quotation omitted).

In *Farley*, the Eighth Circuit held that the debtor/defendant's appeal of a judgment entered against the debtor was stayed upon the filing of the petition for bankruptcy because the appeal was a "continuation" of a lawsuit against the debtor. *Farley* implies that any continuation of a lawsuit is a violation of the automatic stay, including, as was the situation in that case, a lawsuit in federal court. *Id.* See, *Maritime Elec. Co. v. United Jersey Bank*, 959 F.2d 1194, 1206 (3d Cir.1991) ("Once triggered by a debtor's bankruptcy petition, the automatic stay suspends any non-bankruptcy court's authority to continue judicial proceedings then pending against the debtor. This is so because § 362's stay is mandatory and 'applicable to all entities,' including state and federal courts."); *Ellis v. Consolidated Elec. Corp.*, 894 F.2d 371 (10th Cir.1990) (summary judgment order violated stay where it was issued by federal district court before stay was lifted); *Cathey v. Johns–Manville Sales Corp.*, 711 F.2d 60, 61 (6th Cir.1983) ("the automatic stay of proceeding is applicable at both the [federal] trial and appellate levels"), *cert. denied*, 478 U.S. 1021, 106 S.Ct. 3335, 92 L.Ed.2d 740 (1986); *Kommanditselskab Supertrans v. O.C.C. Shipping, Inc.*, 79 B.R. 534, 540 (S.D.N.Y.1987) (if stay applies, "the [federal] district court's power to adjudicate the case is suspended pending the outcome of the bankruptcy proceedings"). *But see Picco v. Global Marine Drilling Co.*, 900 F.2d 846, 850 (5th Cir.1990) ("The automatic stay of the bankruptcy court does not divest all other courts of jurisdiction to hear every claim that is in any way related to the bankruptcy proceeding. As we have noted, other district courts retain jurisdiction to determine the applicability of the stay to litigation pending before them, and to other orders *not inconsistent with the terms of the stay*.") (emphasis supplied).

■ Once the stay is in effect, the parties cannot undertake any judicial action material to the claim against the debtor without relief from the automatic stay. This includes the filing of motions, which are void ab initio. *Constitution Bank v. Tubbs*, 68 F.3d 685 (3d Cir.1995).

■ The suit filed by Time Warner against the debtor is stayed pursuant to 11 U.S.C. § 362. The discovery provisions of the federal district court's order are a continuation of that suit, *see, Scherer v. Carroll*, 150 B.R. 549 (D.Vt.1993); *Brick v. Dominion Mortgage & Realty Trust*, 442 F.Supp. 283 (W.D.N.Y.1977), and cannot be enforced by Time Warner. The suit is now a claim in bankruptcy, *Maritime Elec. Co.*, 959 F.2d at 1207 n. 12 ("A suit for damages pending against a debtor in a non-bankruptcy court when the debtor files his petition, becomes a 'claim' for bankruptcy purposes and may be liquidated by the bankruptcy court in a core proceeding without any final determination of the action by the non-bankruptcy court."), and in order for Time Warner to obtain information from the debtor regarding its claim, permission must be sought from or relief from the automatic stay must be granted by the bankruptcy court.

Separate journal entry will be filed.