**In re Rosalind R. McDonald CARTER, Debtor.**

**Tiffany Wilson, Plaintiff,**

v.

**Rosalind R. McDonald Carter, Defendant.**

**Bankruptcy No. 99–42403. Adversary No. 99–4278.**

United States Bankruptcy Court, W.D. Missouri.

Nov. 5, 1999.

Lauri J. Laughland, Grandview, MO, for plaintiff.

Charles Wilson, for debtor/defendant.

John Lewis, Jr., Office of U.S. Trustee, Chapter 7 Trustee.

## MEMORANDUM OPINION

FRANK W. KOGER, Chief Judge.

This matter is before the Court on the complaint objecting to dischargeability of debt under 11 U.S.C. § 523(a)(6) filed by the plaintiff, Tiffany Wilson, against the debtor/defendant, Rosalind R. McDonald Carter. Wilson bases her complaint on a post-petition state court judgment entered against Carter in the amount of $2746.52. Carter contends the entry of the judgment post-petition violated the automatic stay and such judgment should be vacated. For the following reasons, the Court will grant Wilson retroactive relief from the automatic stay and will declare the judgment debt to be nondischargeable under section 523(a)(6).

### Facts

On June 18, 1999, Carter filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code. Carter did not list Wilson as a creditor, and, accordingly, Wilson did not receive notice of the bankruptcy filing. On July 12, 1999, the Circuit Court of Jackson County, Missouri entered a judgment against Carter and in favor of

Wilson in a pending state court action.[1] The judgment was in the amount of $2746.52. At the time the judgment was entered, Wilson had no knowledge that Carter had filed bankruptcy. On August 5, 1999, Carter amended her schedules to include Wilson as a creditor, but listed the amount of the debt as only $300.00.

On September 15, 1999, Wilson filed this adversary proceeding requesting that the Court declare the $2746.52 judgment debt nondischargeable under 11 U.S.C. § 523(a)(6), and award her costs and attorney's fees. In her complaint, Wilson alleged that she had filed the state court lawsuit against Carter on May 10, 1999, to recover damages for injuries inflicted upon her by Carter, and that without knowledge or notice of the bankruptcy filing, on July 12, 1999, she took the aforementioned judgment against Carter. Wilson alleged that Carter's bankruptcy counsel did not notify her of the Chapter 7 bankruptcy filing until July 16, 1999.

On October 12, 1999, Carter filed an answer to the nondischargeability complaint. Carter asserted that the post-petition judgment violated the automatic stay provisions of 11 U.S.C. § 362(a), and requested that the Court vacate the state court judgment.

The trial of this matter was scheduled for November 3, 1999, at 9:30 a.m. Counsel for Wilson filed a certificate of service of the adversary complaint and summons, which shows service by first class mail to Carter's counsel. The trial convened as scheduled. Wilson and her counsel appeared. Neither Carter nor her counsel appeared. The Court heard evidence on the merits of Wilson's complaint.

Wilson did not introduce the state court judgment as evidence, but did testify regarding the events which culminated in the judgment in her favor. Wilson stated that on March 31, 1999, she had placed a load of laundry in a washing machine located in the laundry room at her apartment complex. Wilson left the laundry room for a time, and upon her return she saw Carter in the laundry room standing near the washing machine and the laundry that she had placed in the washing machine on the floor. Wilson asked Carter why she had put her clothes on the floor. Carter would not answer. Carter appeared to reach for some laundry soap, but instead grabbed a hammer and began swinging the hammer at Wilson telling Wilson that she was going to kill her. Wilson put her arm up in self-defense. Carter hit her arm twice with the hammer. When Wilson turned to run out of the laundry room, Carter hit her in the shoulder with the hammer. Carter continued chasing Wilson with the hammer until Wilson's roommate tackled her. According to Wilson, as Carter repeatedly swung the hammer at her, Carter said over and over that she was going to kill Wilson. Carter broke Wilson's arm in three places. Wilson incurred medical bills in the amount of $926.52.

### Discussion

In *LaBarge v. Vierkant (In re Vierkant)*, 240 B.R. 317 (8th Cir. BAP 1999), the Eighth Circuit Bankruptcy Appellate Panel ruled that actions taken in violation of the automatic stay are void ab initio, and that the burden is upon the offending party to request retroactive relief from or annulment of the automatic stay in order to validate the void action. The BAP further stated that under section 362(d), a bankruptcy court may grant retroactive relief from the automatic stay, however, retroactive relief "should be granted 'only sparingly and in compelling circumstances.'" *Vierkant*, 240 B.R. at 325 (quoting *Soares v. Brockton Credit Union (In re Soares)*, 107 F.3d 969, 978 (1st Cir.1997)).

The Court interprets the adversary complaint in this case and Wilson's counsel's statements at trial to request retroactive relief from the automatic stay. The plead-

---

1. In her Statement of Financial Affairs, Carter stated that she was not a party to any lawsuit in the one year immediately preceding her bankruptcy filing.

ings, including Carter's answer, certainly place the issue before this Court. The Court determines that retroactive relief from the automatic stay is warranted herein. After being severely battered by Carter, Wilson filed a lawsuit against her to recover damages for the injuries she sustained. Thereafter, Carter filed a bankruptcy petition in which she not only failed to list Wilson as a creditor, but indicated in her Statement of Financial Affairs that there were no pending lawsuits against her. With no knowledge or notice of the bankruptcy filing, Wilson took a judgment against Carter. Carter finally listed Wilson as a creditor, but only after the entry of the state court judgment. It appears to the Court that Carter affirmatively attempted to hide the fact of her bankruptcy from Wilson, and tried to hide the existence of the pending lawsuit from this Court. Such constitutes "compelling circumstances" that entitles Wilson to retroactive relief from the automatic stay. Accordingly, the state court judgment that was entered post-petition is validated. If Wilson proves her case under 11 U.S.C. § 523(a)(6), the Court will rule the entire amount of the judgment debt nondischargeable.

█ The Court will now address the merits of Wilson's section 523(a)(6) cause of action. Section 523(a)(6) provides that a Chapter 7 debtor is not discharged from any debt "for willful and malicious injury by the debtor to another entity or the property of another entity." 11 U.S.C. § 523(a)(6). Wilson has the burden to prove by a preponderance of the evidence that the debt should be nondischargeable. *See Fischer v. Scarborough (In re Scarborough),* 171 F.3d 638, 641 (8th Cir.1999), *cert. denied,* —— U.S. ——, 120 S.Ct. 330, —— L.Ed.2d —— (Oct. 12, 1999).

In *Hobson Mould Works, Inc. v. Madsen (In re Madsen),* 195 F.3d 988, 989 (8th Cir.1999), the Eighth Circuit opined:

Under section 523(a)(6), a debtor is not discharged from any debt for "willful

and malicious injury" to another. For purposes of this section, the term willful means deliberate or intentional. *See Kawaauhau v. Geiger,* 523 U.S. 57, 61, 118 S.Ct. 974, 140 L.Ed.2d 90 (1998) (§ 523(a)(6) requires deliberate or intentional injury); *In re Long,* 774 F.2d 875, 881 (8th Cir.1985) (to meet willfulness component of § 523(a)(6), debtor's actions creating liability must have been "headstrong and knowing"). To qualify as "malicious," the debtor's actions must be "targeted at the creditor ... at least in the sense that the conduct is certain or almost certain to cause ... harm." *In re Long,* 774 F.2d at 881.

█ For the debt to be nondischargeable, Carter must have acted with the intent to harm Wilson rather than merely acting intentionally in a manner that resulted in harm. *See Fischer,* 171 F.3d at 641 (citing *Kawaauhau v. Geiger,* 523 U.S. 57, 118 S.Ct. 974, 977, 140 L.Ed.2d 90 (1998)).

The Court determines Wilson has presented evidence establishing a crystal clear case that Carter engaged in willful and malicious conduct by attacking Wilson and hitting her several times with a hammer, breaking her arm in three places. While Carter was swinging the hammer at Wilson, she repeatedly stated that she was going to kill Wilson. Carter very clearly acted with the intent to harm Wilson. The Court determines that the judgment debt in the amount of $2746.52 is nondischargeable under 11 U.S.C. § 523(a)(6).

█ Wilson has asked for attorney's fees in the amount of $500.00 and costs in the amount of $150.00 for prosecuting this nondischargeability action. The Court will award Wilson her costs in the amount of $150.00 pursuant to Federal Rule of Bankruptcy Procedure 7054. As this Court observed in *Williams v. Kemp (In re Kemp),* 234 B.R. 461, 471–72 (Bankr.W.D.Mo. 1999), an award of attorney's fees to a successful party in a nondischargeability action, excluding section 523(a)(2) litiga-

tion, is the exception rather than the rule. However, a court may award attorney's fees to a prevailing party when aggravated conduct on the part of the unsuccessful party has been shown, such as willful disobedience of a court order, bad faith or vexatious, wanton or oppressive behavior. *See Kemp,* 234 B.R. at 472. The Court determines that such aggravated conduct has been shown in this case that justifies an award of attorney's fees in favor of Wilson. First, Carter failed to list Wilson as a creditor in her bankruptcy case. Second, Carter failed to indicate in her Statement of Financial Affairs that she was a defendant in a lawsuit brought by Wilson. Finally, although Carter filed an answer to the complaint, neither Carter nor her counsel appeared for the trial of this adversary proceeding in direct violation of a court order to appear for trial at a time and on a date certain. The Court will award attorney's fees in the amount of $500.00 to Wilson. The costs and attorney's fees awarded in this adversary proceeding shall be added to the amount of the nondischargeable judgment debt.

### Conclusion

Based on the above discussion, the Court grants the relief requested in the adversary complaint filed by Tiffany Wilson against Rosalind R. McDonald Carter. The judgment debt in the amount of $2746.52 is NONDISCHARGEABLE in Carter's bankruptcy case under 11 U.S.C. § 523(a)(6). The Court AWARDS attorney's fees in the amount of $500.00 and costs in the amount of $150.00 to Tiffany Wilson for the prosecution of this adversary proceeding. The attorney's fees and costs shall be added to the amount of the nondischargeable judgment debt.

This MEMORANDUM OPINION constitutes findings of fact and conclusions of law as required by Fed.R.Bankr.P. 7052.