**In re Lawrence SMITH, Debtor.**

**Bankruptcy No. 99–44114.**

United States Bankruptcy Court,
W.D. Missouri,
Western Division.

Jan. 13, 2000.

Tracy L. Robinson, Kansas City, MO, for Debtor.

David C. Stover, Gunn, Shank & Stover, Kansas City, MO, for Commercial Federal Mortgage and Veterans Affairs.

## MEMORANDUM OPINION

ARTHUR B. FEDERMAN, Chief Judge.

Creditors the Secretary of Veteran Affairs (the VA) and Commercial Federal Mortgage (Commercial) filed their Motion for Retroactive Relief from the Automatic Stay and Ratification of a Post–Petition Foreclosure Sale Under 11 U.S.C. § 549(c) or in the Alternative Motion for Relief from Automatic Stay to Conduct Foreclosure Sale. This is a core proceeding under 28 U.S.C. § 157(b)(2)(G) over which the Court has jurisdiction pursuant to 28 U.S.C. § 1334(b), 157(a), and 157(b)(1). The following constitutes my Findings of Fact and Conclusions of Law in accordance with Rule 52 of the Federal Rules of Civil Procedure as made applicable to this proceeding by Rule 7052 of the Federal Rules of Bankruptcy Procedure.

## ISSUE PRESENTED

Debtor Lawrence Smith (Smith) filed a Chapter 13 bankruptcy petition one day before a scheduled foreclosure sale. Tracy L. Robinson, Smith's counsel, sent notice of the bankruptcy filing to the second mortgage holder, but failed to notify the mortgagee that had scheduled the foreclosure sale. The sale, therefore, was held as scheduled, and the VA purchased the real estate. The Bankruptcy Appellate Panel for the Eighth Circuit (the BAP) holds that an action taken in violation of the automatic stay is void. Does this Court have the authority to ratify a foreclosure

sale held in violation of the automatic stay if said action is void?

## DECISION

The BAP has held that an action taken in violation of the automatic stay is void, but this Court can nevertheless validate such an action by finding that the automatic stay should be annulled retroactively. Here, however, cause to annul the stay has not been shown. The Chapter 13 plan has been confirmed, and Smith is current with his plan payments, therefore, the Motion will be denied.

## FACTUAL BACKGROUND

On August 26, 1988, Smith and his former wife executed a Promissory Note in the amount of $60,000.00 secured by a Deed of Trust on real estate described as:

Lot 10, Block 5, GREGORY RIDGE, a subdivision in Kansas City, Jackson County, Missouri, according to the recorded plat thereof.[1]

On March 16, 1999, Smith filed a Chapter 7 bankruptcy petition, Case No. 99–40963, and on June 22, 1999, he received a discharge. That case is awaiting final administration by the Chapter 7 trustee. On August 17, 1999, this Court granted relief from the automatic stay to Commercial so that it could commence foreclosure proceedings against the real estate.

Commercial scheduled a foreclosure sale as to the real estate for October 22, 1999, and sent written notice to Smith. On October 21, 1999, Smith filed this Chapter 13 bankruptcy petition. Mr. Robinson failed to notify the VA, Commercial, or the trustee conducting the sale of the bankruptcy filing, nor did he file a copy of the bankruptcy petition in the Recorder of Deeds' Office for County of Jackson, State of Missouri. The foreclosure sale was conducted, therefore, on October 22, 1999, as scheduled. The VA purchased the real estate for $53,742.00, and on October 29, 1999, the VA recorded a copy of the Successor Trustee's Deed under Foreclosure. At the time of purchase, the holder of the First Deed of Trust held a lien in the amount of $59,000.00, and the holder of the Second Deed of Trust held a lien in the amount of $13,558.43. Smith scheduled the real estate on his bankruptcy schedules with a fair market value of $60,000.00. On November 22, 1999, after Mr. Robinson notified Commercial of the Chapter 13 bankruptcy petition, Commercial filed this motion for retroactive relief from the automatic stay. On November 23, 1999, the section 341 First Meeting of Creditors was held.

On December 3, 1999, this Court entered an Order confirming Smith's Chapter 13 plan.[2] The plan proposes to pay the holders of the first and second mortgages directly.[3] It also proposes to pay prepetition arrearage in the amount of $14,846.00 from plan payments of $515.00 a month.[4] No one objected to Smith's proposed plan and summary.

On December 20, 1999, this Court conducted a hearing on the motion for retroactive relief. At the hearing Mr. Robinson stated that he sent notice of the bankruptcy filing to the holder of the second mortgage, but he neglected to send that same notice to Commercial. He also stated that Smith has made all post-petition payments, that he is making improvements to the real estate, that his income has increased since the filing, and that he will be able to make all payments under the Chapter 13 plan. Further, counsel for Smith offered to reimburse Commercial for the costs of the foreclosure sale.

## DISCUSSION

The filing of a bankruptcy petition creates an estate that contains all property in

1. Doc. # 7, Ex. B.

2. Doc. # 9.

3. Doc. # 2.

4. *Id.*

which the debtor has an equitable or legal interest.[5] Section 362 of the Bankruptcy Code (the Code), therefore, provides that when a debtor files a bankruptcy petition, creditors are prohibited from completing a foreclosure sale:

(a) Except as provided in subsection (b) of this section, a petition filed under section 303 . . . of this title . . . operates as a stay, applicable to all entities, of—

. . .

(3) any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate.[6]

Since Smith filed his bankruptcy petition on October 21, 1999, and Commercial conducted the foreclosure sale on October 22, 1999, Commercial violated the automatic stay. Commercial does not deny that it violated the automatic stay, but it claims it is entitled to retroactive relief. The Code also provides that a bankruptcy court can annul the automatic stay for cause:

(d) On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay—

(1) for cause, including the lack of adequate protection of an interest in property of such party in interest

(2) with respect to a stay of an act against property under subsection (a) of this section, if ___

(A) the debtor does not have equity in such property; and

(B) such property is not necessary to an effective reorganization.[7]

Commercial asks this Court for retroactive relief from the stay and validation of the foreclosure sale, arguing that Smith has no equity in the real estate, that the real estate is not necessary for an effective reorganization, and that his Chapter 13 plan is not feasible.

■ The BAP recently addressed this issue in *LaBarge v. Vierkant (In re Vierkant).*[8] In that case, the BAP found that "actions taken in violation of the automatic stay are void *ab initio,* and that the burden is upon the offending party to request retroactive relief from or annulment of the automatic stay in order to validate the void action."[9] Thus, actions taken in violation of the automatic stay are void, however, if the Court exercises its authority to annul the stay retroactively, the action is not void because no stay violation has occurred.

■ I must, therefore, analyze whether cause exists to annul the automatic stay retroactively. Smith does not claim any equity in the real estate. He does, however, argue that his home is necessary for his reorganization. I am cognizant of the fact that this Court previously granted relief from the automatic stay as to this real estate in the Chapter 7 case. I note, however, that Chapter 7 involves a liquidation. Other courts have held that property cannot be necessary for an effective reorganization if the debtor has filed a Chapter 7 case.[10] But Smith has now filed a Chapter 13 case. Moreover, this Court confirmed his Chapter 13 plan without objection from any creditor. Smith is now

**5.** 11 U.S.C. § 541(a)(1).

**6.** *Id.* at § 362(a)(3).

**7.** 11 U.S.C. § 362(d).

**8.** 240 B.R. 317 (8th Cir. BAP 1999).

**9.** Wilson *v. Carter (In re Carter),* 240 B.R. 767, 769 (Bankr.W.D.Mo.1999) (citing *Vierkant,* 240 B.R. at 325).

**10.** *Rocket City Federal Credit Union v. Kennemer (In re Kennemer),* 143 B.R. 275, 280 n. 10 (N.D.Ala.1992); *In re Kingsley,* 161 B.R. 995, 997 (Bankr.W.D.Mo.1994); *General Motors Acceptance Corp. v. Lyons (In re Lyons),* 19 B.R. 66, 67 (Bankr.N.D.Ga.1982).

 

current on his post-petition payments. Commercial did not file an objection to confirmation of the Chapter 13 plan. While Smith has no equity in the real estate, I find that under the circumstances of this case, cause does not exist to annul the automatic stay at this time. I will deny Commercial's motion for both retrospective and prospective relief from the automatic stay, without prejudice, in the event Smith defaults in either his post-petition payments to the mortgagees or his Chapter 13 plan payments to the Chapter 13 trustee.

I further find that Mr. Robinson caused harm to Commercial by failing to notify it of the bankruptcy filing before the scheduled foreclosure sale.[11] I will allow Commercial to submit a fee application documenting its costs and expenses associated with the foreclosure sale. If no parties in interest object within ten days, I will enter an Order instructing Mr. Robinson to reimburse Commercial for those costs and expenses.

An Order in accordance with this Memorandum Opinion will be entered this date.

### *ORDER*

In accordance with the Memorandum Opinion entered this date, I find that as to a foreclosure sale on October 22, 1999, on real estate described as:

> Lot 10, Block 5, GREGORY RIDGE, a subdivision in Kansas City, Jackson County, Missouri, according to the recorded plat thereof;[12]

that sale was void, and the Successor Trustee's Deed under Foreclosure is set aside. The Motion for Retroactive Relief from the Automatic Stay and Ratification of a Post–Petition Foreclosure Sale Under 11 U.S.C. § 549(c) or in the Alternative Motion for Relief from Automatic Stay to Conduct Foreclosure Sale filed by Creditors the Secretary of Veteran Affairs and

Commercial Federal Mortgage is DENIED WITHOUT PREJUDICE.

Commercial Federal Mortgage may submit a fee application documenting its costs and expenses associated with the foreclosure sale within ten days of the date of this Order. If no parties in interest object to that fee application within ten days of its receipt, this Court will enter an Order instructing Mr. Robinson to reimburse Commercial for those costs and expenses.

IT IS SO ORDERED.

---

11. *In re Fulmer–Vaught*, 218 B.R. 56, 58 (Bankr.W.D.Mo.1998).

12. Doc. # 7, Ex. B.