**In re Charles Henry HOSKINS, Jr., Sylvia Kaye Hoskins, Debtors.**

**No. 01–42481–13.**

United States Bankruptcy Court, W.D. Missouri.

Sept. 26, 2001.

Jay P. Yancey, Kansas City, MO, for Ford Motor Credit Company.

Dennis G. Muller, Kansas City, MO, for Charles and Sylvia Hoskins.

Richard V. Fink, Kansas City, MO, Chapter 13 Trustee.

## MEMORANDUM ORDER DENYING DEBTORS' MOTION FOR SHOW CAUSE ORDER AND SANCTIONS

FRANK W. KOGER, Bankruptcy Judge.

The matter before the Court is the Motion For Show Cause Order and Sanctions filed by the debtors, Charles Henry Hoskins, Jr. and Sylvia Kaye Hoskins, in which the Hoskins seek damages for the alleged violation of the automatic stay by Ford Motor Credit Company. For the following reasons, the Court will deny the motion.

### Factual Background

On May 24, 2001, Charles Henry Hoskins, Jr. and Sylvia Kaye Hoskins filed a voluntary petition for rehabilitation under Chapter 13 of the Bankruptcy Code. At that time, a lawsuit was pending in the Associate Judge Division of the Circuit Court of Jackson County, Missouri that had been filed on October 2, 2000, by Ford Motor Credit Company ("Ford") against the Hoskins seeking to recover a deficiency balance in the amount of $ 3653.81, plus interest and attorney's fees, remaining due following the sale of an automobile that the Hoskins has voluntarily surrendered to Ford after defaulting in making payments. The Hoskins filed an answer and a counterclaim in the action asserting that Ford was not entitled to recover the deficiency balance and that they were entitled to damages under Article 9 of the Missouri Uniform Commercial Code based upon Ford's failure to properly notify both of them of the pending sale of the automobile. On June 14, 2001, subsequent to the bankruptcy filing, but without first obtaining a lift of the automatic stay imposed by 11 U.S.C. § 362(a), Ford filed a Notice of Removal of the Jackson County, Missouri action to the United States District Court for the Western District of Missouri. By Order dated June 18, 2001, the Honorable Howard F. Sachs referred the matter to the United States Bankruptcy Court for the Western District of Missouri, and adversary proceeding number 01–4120 was opened, which was assigned to the undersigned.

On July 16, 2001, the Hoskins filed the motion presently under consideration. In their motion, the Hoskins assert that Ford violated the automatic stay by causing the state court action to be removed to the federal district court without first obtaining a lift of the stay, and seek damages in the total amount of $275.00, which consist of the attorney's fees incurred by them for their counsel's review of the notice of removal, review of a referral to the early assessment program, research on core and non-core proceedings, preparing a statement pursuant to the Bankruptcy Rules, and preparing a motion for remand or transfer to the bankruptcy court.[1]

On August 2, 2001, a hearing was held in the adversary proceeding at which time the parties agreed that the Court could decide the matter based on the pleadings, including Ford's motion for summary judgment and the Hoskins' opposition thereto, that had been filed in the Jackson County, Missouri action, copies of which were supplied to the Court. At no time during the course of the hearing on the adversary action did counsel for the Hoskins advise the Court that the Hoskins had filed the Motion For Show Cause Order and Sanctions in the main bankruptcy case, nor did counsel assert as a defense in the adversary action that Ford's removal of the

---

1. In an attachment to the motion, the Hoskins' counsel stated that he spent 2.2 hours on these matters and billed the Hoskins at the rate of $125.00 per hour for a total fee of $275.00.

state court action to federal court violated the automatic stay.

On August 28, 2001, this Court issued a Memorandum Opinion in the adversary proceeding ruling in favor of Ford on its claim and denying the Hoskins' request for relief on their counterclaim.[2] The Court ordered that Ford was entitled to judgment against the Hoskins in the amount of $3653.81 for the deficiency balance remaining after the sale of the 1998 Ford Windstar, and, because the Hoskins were debtors in bankruptcy, that Ford could pursue recovery of same to the extent permitted by the Bankruptcy Code. The Hoskins have not appealed from the Court's ruling in the adversary case.

On September 18, 2001, a hearing was held on the Hoskins' pending motion requesting damages for Ford's alleged violation of the automatic stay. Ford appeared by counsel.[3] Neither the Hoskins nor their counsel appeared. At the hearing, Ford argued that the act of removing the state court lawsuit was not stayed because Ford was not proceeding against the Hoskins by removing the state court action to federal court; that the act of removing the state court action was simply a ministerial act not barred by the automatic stay; and that the Hoskins' motion has been rendered moot because at the August 2, 2001 hearing in the adversary case they had consented to the Court considering the issues and rendering a judgment in that action. Ford requested that in the event the Court determined that the removal of the state court action to federal court was subject to the stay, that this Court retroactively lift the automatic stay in order to validate Ford's removal of the lawsuit and

this Court's August 28, 2001 adversary proceeding judgment. Ford candidly conceded that it was aware of the bankruptcy filing when it sought to remove the state court action to the bankruptcy court. However, counsel for Ford credibly emphasized that if a violation of the automatic stay occurred, it was completely unintentional. At the conclusion of the hearing, the Court took the matter under advisement.

*Discussion*

When a movant fails to appear at the scheduled hearing on a motion, this Court normally summarily denies any relief requested in the motion for failure to prosecute. Accordingly, in the usual course, this Court would summarily deny the Hoskins' Motion For Show Cause and Sanctions based on their failure to appear at the hearing and prosecute same. However, because of the issues raised regarding the application of the automatic stay to Ford's removal of the state court action to federal court, which, in turn, raises questions concerning the validity of this Court's August 28, 2001 order and judgment entered in the adversary proceeding, the Court will address the merits of the Hoskins' motion.[4]

Section 362(a) of the Bankruptcy Code provides that "the commencement or continuation ... of a judicial ... proceeding against the debtor that was ... commenced before the commencement of the case under [title 11]" is stayed when the debtor files a bankruptcy petition. 11 U.S.C. § 362(a)(1). "The automatic stay is broad in scope and applies to almost every

---

**2.** *Ford Motor Credit Co. v. Hoskins (In re Hoskins)*, 266 B.R. 154 (Bankr.W.D.Mo.2001).

**3.** Ford had filed a response to the motion on September 4, 2001.

**4.** In *LaBarge v. Vierkant (In re Vierkant)*, 240 B.R. 317, 325 (8th Cir. BAP 1999), the Eighth Circuit Bankruptcy Appellate Panel held that actions taken in violation of the automatic stay are void ab initio.

formal and informal action against the debtor or property of the debtor, except as set forth under (b) of Section 362." *In re United Imports Corp.*, 200 B.R. 234, 236 (Bankr.D.Neb.1996). "Once the stay is in effect, the parties cannot undertake any judicial action material to the claim against the debtor without relief from the automatic stay." *Id.* at 237. "As a general rule, the § 362 automatic stay enjoins virtually all efforts by a creditor to collect on debts, take possession of collateral, enforce or create a lien, or set-off a debt against the debtor." *Louisville and Jefferson County Metro. Sewer Dist. v. Excel Engineering, Inc. (In re Excel Engineering, Inc.)*, 224 B.R. 582, 592 (Bankr.W.D.Ky. 1998) (citations omitted).

Section 1452 of Title 28, which provides for the removal of pending civil actions that are related to a bankruptcy case, states in pertinent part:

> A party may remove any claim or cause of action in a civil action other than a proceeding before the United States Tax Court or a civil action by a governmental unit to enforce such governmental unit's police or regulatory power, to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under section 1334 of this title.

28 U.S.C. § 1452(a). Federal Rule of Bankruptcy Procedure 9027 implements this statute by establishing the procedures for removal and the time within which removal must be sought. Rule 9027 provides in relevant part:

> (a) NOTICE OF REMOVAL
>
> (1) WHERE FILED; FORM AND CONTENT. A notice of removal shall be filed with the clerk for the district and division within which is located the state or federal court where the civil action is pending. The notice shall be signed pursuant to Rule 9011 and contain a short and plain statement of the facts which entitle the party filing the notice to remove, contain a statement that upon removal of the claim or cause of action the proceeding is core or non-core and, if non-core, that the party filing the notice does or does not consent to entry of final orders or judgment by the bankruptcy judge, and be accompanied by a copy of all process and pleadings.
>
> (2) TIME FOR FILING; CIVIL ACTION INITIATED BEFORE COMMENCEMENT OF THE CASE UNDER THE CODE. If the claim or cause of action in a civil action is pending when a case under the Code is commenced, a notice of removal may be filed only within the longest of (A) 90 days after the order for relief in the case under the Code, (B) 30 days after entry of an order terminating a stay, if the claim or cause of action in a civil action has been stayed under § 362 of the Code, or (C) 30 days after a trustee qualifies in a chapter 11 reorganization case but not later than 180 days after the order for relief. . . .

Fed.R.Bankr.P. 9027(a).

In *Brateman v. Brateman Bros., Inc. (In re Brateman Bros., Inc.)*, 135 B.R. 853, 855 (Bankr.N.D.Ind.1991), the bankruptcy court observed that the Advisory Committee notes to Rule 9027 provide that: " 'If the claim or cause of action which is removed to the bankruptcy court is subject to the automatic stay of § 362 of the Code, the litigation may not proceed in the bankruptcy court until relief from the stay is granted. Bankruptcy Rule 9027, Advisory Committee Note (1983).' " *See also In re Thomson McKinnon, Inc.*, 130 B.R. 721, 724 (Bankr.S.D.N.Y.1991) (The bankruptcy court acknowledged that the creditor's prepetition lawsuit against the debtor was

subject to the automatic stay, and opined that under Rule 9027(a)(2)(B) the creditor could seek to remove the action within 30 days of the entry of an order terminating the stay.).

In *Phillips v. Federal Deposit Ins. Corp. (In re Phillips)*, 124 B.R. 712, 716 n. 7 (Bankr.W.D.Tex.1991), the bankruptcy court noted that the FDIC had "violated the automatic stay established by the bankruptcy filing when it removed the state collection and foreclosure action to federal court post-petition without relief from stay." However, because the parties did not raise the stay violation issue, the bankruptcy court declined to further consider the matter.

■ The foregoing authorities teach us that actions stayed by a bankruptcy filing include removing a pending state court lawsuit to the bankruptcy court if the claim or cause of action is subject to the automatic stay. Accordingly, upon the filing of the Hoskins' bankruptcy petition, the automatic stay operated to bar any further prosecution by Ford of its case-in-chief in the state court lawsuit, including removing the state court action to federal court, until the automatic stay had been lifted. Ford agrees that the prosecution of its case-in-chief was stayed by the bankruptcy filing, but points out that a suit brought by a debtor is not automatically stayed, and that a debtor's counterclaims are not stayed, *see Brown v. Armstrong*, 949 F.2d 1007, 1009–10 (8th Cir.1991); *Mid Kansas Fed. Sav. and Loan Ass'n of Wichita v. Orpheum Theater Co., Ltd.*, 151 B.R. 560, 563 (D.Kan.1993). Ford argues that it only sought to remove the Hoskins' counterclaim to the bankruptcy court, and, therefore, was not continuing in the prosecution of its case-in-chief against the Hoskins in violation of the stay. Ford also asserts that the removal of its case-in-chief was merely ancillary to the removal to the Hoskins' counterclaim. However, it is apparent from the removal pleadings filed in the district court that Ford intended to remove the entire pending state court action to the bankruptcy court for adjudication, including its case-in-chief.

■ Further, the act of removing the state court action to bankruptcy court was not "ministerial" so as to remove same from the application of the automatic stay. The removal of a lawsuit from state court to federal court requires judicial action, and cannot be, and in this case was not, accomplished by a simple clerical entry by a court clerk. *See Rexnord Holdings, Inc. v. Bidermann*, 21 F.3d 522, 527 (2d Cir. 1994) (The Second Circuit ruled that the simple and " 'ministerial' " act of the entry of a judgment by the court clerk did not constitute the continuation of a judicial proceeding within the meaning of section 362(a)(1)); *LaBarge v. Vierkant (In re Vierkant)*, 240 B.R. 317, 321 n. 2 (8th Cir. BAP 1999) (court matters requiring judicial action as opposed to routine clerical entries are not "ministerial" in character). In sum, Ford violated the automatic stay by removing the state court action to the bankruptcy court without first seeking and obtaining a lift of the stay.

■ Section 362(h) of the Bankruptcy Code provides that "[a]n individual injured by any willful violation of a stay provided by this section shall recover actual damages, including costs and attorneys' fees, and, in appropriate circumstances, may recover punitive damages." 11 U.S.C. § 362(h). In *Adams v. Hartconn Assocs., Inc. (In re Adams)*, 212 B.R. 703, 708 (Bankr.D.Mass.1997), the bankruptcy court enunciated the three elements that must be established before a court will award damages for a violation of the automatic stay: "(1) the violation must have occurred, (2) the violation must have been committed willfully, and (3) the violation

must have injured the individual seeking damages." In *Honeycutt v. Rickman (In re Honeycutt)*, 198 B.R. 306, 311 (Bankr. E.D.Ark.1996), the bankruptcy court advised:

> In order for damages to be imposed, the Rickmans' violation of the stay must be "wilful," 11 U.S.C. § 362(h), *i.e.*, that he deliberately violated the stay, as opposed to taking accidental or inadvertent action. *See Hubbard v. Fleet Mortgage Co.*, 810 F.2d 778, 781 (8th Cir.1987). If deliberate action against the debtor or the estate was taken with knowledge of the stay, the violation of the automatic stay is wilful. *In re NWFX, Inc.*, 81 B.R. 500 (Bankr.W.D.Ark.1987). Further, a violation may be wilful even if the actor believes himself justified or if there was no specific intent to violate the stay. *In re Garofalo's Finer Foods, Inc.*, 164 B.R. 955 (Bankr.N.D.Ill.1994), *aff'd on stay issue and rev'd on other grounds*, 186 B.R. 414 (N.D.Ill.1995).

■ Here, even though Ford did not intend to violate the stay, Ford had knowledge of the bankruptcy filing and did willfully violate the automatic stay by removing the state court action to federal court without first obtaining a lift of the stay. However, the Court finds that the Hoskins have failed to show that they have been damaged by Ford's violation of the automatic stay. The Hoskins seek damages in the amount of $275.00, which consist of attorney's fees incurred in the context of the removal matter. If the Court had lifted the stay prior to Ford's removal of the state court action to federal court, the Hoskins still would have incurred attorney's fees for their counsel's representation in the removal matter. In other words, the Hoskins would have incurred attorney's fees in the context of the removal matter whether Ford violated the automatic stay or not. Finally, neither the Hoskins nor their counsel appeared at the hearing on the motion for sanctions to argue to the contrary. In this case, because only two of the three elements have been met, the Court determines that an award of damages is not appropriate, and will not award damages to the Hoskins for Ford's violation of the stay.[5]

■ Finally, the Court determines that this situation involves compelling circumstances which warrant retroactive relief from the automatic stay. Section 362(d) of the Bankruptcy Code states that "[o]n request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay—for cause...." 11 U.S.C. § 362(d)(1). In *LaBarge v. Vierkant (In re Vierkant)*, 240 B.R. 317, 325 (8th Cir. BAP 1999), the Bankruptcy Appellate Panel for the Eighth Circuit held that actions taken in violation of the automatic stay are void ab initio, but acknowledged that a bankruptcy court may grant retroactive relief from the automatic stay "'sparingly and in compelling circumstances.'" *See also Wilson v. Carter (In re Carter)*, 240 B.R. 767, 769 (Bankr.W.D.Mo. 1999) (Citing *Vierkant*, this Court observed that actions taken in violation of the automatic stay are void ab initio, that the burden is upon the offending party to request retroactive relief from or annulment of the automatic stay in order to validate the void action and that a bankruptcy court may grant retroactive relief from the stay sparingly and in compelling circumstances.). "[I]f the Court exercises its au-

---

5. Additionally, this Court's decision to retroactively lift the automatic stay to validate Ford's removal of the state court action to

bankruptcy court negates any stay violation for which damages might be awarded.

thority to annul the stay retroactively, the action [in question] is not void because no stay violation has occurred." *In re Smith*, 245 B.R. 622, 624 (Bankr.W.D.Mo.2000).

 A factor that weighs convincingly in favor of granting retroactive relief from the stay is the Hoskins' acquiescence at the hearing held on August 2, 2001, in the adversary proceeding to this Court's consideration of the issues raised and entering a judgment in that action. Although a debtor usually cannot waive the protection of the automatic stay, *see Vierkant*, 240 B.R. at 320, when a debtor appears and defends a suit on any basis other than application of the automatic stay, the debtor is deemed to have waived the automatic stay as to that particular action. *See In re Cobb*, 88 B.R. 119, 121 (Bankr.W.D.Tex.1988). "To hold otherwise would allow a [debtor] to have [a] trump card that he could play if he did not like the outcome of the action, but allowing him [to] take a favorable judgment." *Id.* Here, the Hoskins filed the Motion For Show Cause Order and Sanctions prior to the August 2, 2001 hearing in the adversary proceeding. The Hoskins' failure during the August 2, 2001 hearing to assert Ford's alleged violation of the automatic stay as a defense, or even alert the Court to the fact that they had filed a motion requesting sanctions for a violation of the stay, certainly gives the appearance that the Hoskins were waiving any stay violation. It would be manifestly unjust to allow the Hoskins to fully participate in the adversary proceeding, then allow them to pursue their motion asserting a violation of the automatic stay after the Court rendered judgment in favor of Ford. Further, neither the Hoskins nor their counsel appeared at the hearing on the motion for sanctions to offer any reason why this Court should not retroactively lift the automatic stay. Accordingly, this Court will retroactively lift the automatic stay to validate Ford's post-petition removal of the state court action to bankruptcy court and, in turn, this Court's order and judgment entered on August 28, 2001, in the adversary proceeding.

### Conclusion

Based on the above discussion, the Motion For Show Cause Order and Sanctions filed by Charles Henry Hoskins, Jr. and Sylvia Kaye Hoskins is DENIED. The Court hereby RETROACTIVELY LIFTS THE AUTOMATIC STAY to validate the post-petition removal of the state court action to bankruptcy court by Ford Motor Credit Company.

The foregoing Memorandum Order constitutes Findings of Fact and Conclusions of Law as required by Fed.R.Bankr.P. 7052.