**COURT OF 5 GARDENS CONDO-
MINIUM ASSOCIATION,**
Plaintiff/Respondent,

v.

**10330 OLD OLIVE, LLC,**
Defendant/Appellant.

No. ED 94576.

Missouri Court of Appeals,
Eastern District,
Division Five.

Dec. 14, 2010.

Patricia Ann Wilcox, Weiss & Associates, P.C., St. Louis, MO, for appellant.

Randall E. Gusdorf, Michael A. Kasperek, Gusdorf Law Firm, LLC, St. Louis, MO, for respondent.

GARY M. GAERTNER, JR., Judge.

### Introduction

Defendant, 10330 Old Olive, LLC, appeals from the judgment denying its mo-

tion to set aside a default judgment. We affirm in part, reverse in part and remand.

### Background

On December 30, 2008, plaintiff, Court of 5 Gardens Condominium Association, filed a two-count petition for breach of contract and suit on account. Plaintiff alleged that defendant, as a successor in interest, breached an easement agreement (agreement) that provided that defendant would pay thirty-one percent of "Common Operating Costs" as defined in the agreement. Plaintiff further alleged that defendant's breach caused it to suffer damages "in the principal amount of $23,536.56 (31% of $83,206.89 as of October 29, 2007), plus additional charges that have and continue to accrue, together with interest per contract or statute." Plaintiff sought payment of $23,536.56, additional charges to the date of judgment, interest, attorney fees and costs. The agreement was one of the documents attached to the petition. The agreement contains provisions regarding interest, attorney fees and costs if certain obligations under the agreement are not satisfied.

The summons to be served on defendant's registered agent was returned non-est. Thereafter, an alias summons was issued for service upon the Secretary of State of Missouri, as agent for defendant.[1] The Secretary of State forwarded the summons by certified mail to defendant. The Secretary of State's affidavit provides that the certified mailing was returned because "forward time expired" but the returned envelope does provide a new address. On May 28, 2009, defendant failed to appear for a scheduled hearing and plaintiff requested a default judgment. The court does not appear to have ruled on plaintiff's request but subsequently certified the case for a principal balance in excess of $25,000.

On August 24, 2009, the court conducted a status hearing.[2] Defendant did not appear. On that day the court entered a default judgment in favor of plaintiff and awarded $35,977.54 for principal, $5,331.82 for interest, and $6,196.40 for attorney fees for a total of $47,505.76 plus court costs. Defendant contends that it did not receive notice of the status hearing until September 2009.

On October 12, 2009, defendant filed a motion to set aside the default judgment. The motion was not verified and no affidavits were attached. On November 12, 2009, the trial court had a hearing on the motion. The trial court subsequently denied the motion. Defendant thereafter filed a "VERIFIED MOTION TO RECONSIDER ORDER/JUDGMENT OF THE COURT." In this motion, defendant raised for the first time the issue that there was not an evidentiary hearing for proof of damages or written evidence of plaintiff's damages for the default judgment's award. The court denied the motion. Defendant raises two points on appeal.

### Discussion

A trial court's ruling on a motion to set aside a default judgment is reviewed for abuse of discretion. *Brungard v. Risky's Inc.*, 240 S.W.3d 685, 687–88 (Mo. banc 2007). A trial court has broader discretion when sustaining a motion to set aside a default judgment then when overruling such a motion. *Id.* at 687.

In its first point, defendant argues that the trial court abused its discretion in denying its motion to set aside the default

---

1. Section 347.033.3 RSMo 2000.

2. The record on appeal consists of only the legal file. A transcript of any hearing, if prepared, is not part of the record on appeal.

judgment under Rule 74.05(d). Defendant contends that it established grounds of good cause and meritorious defenses against plaintiff's action. In response, plaintiff argues that the trial court did not abuse its discretion in denying defendant's motion to set aside because defendant failed to file a verified pleading, provide affidavits in support or provide sworn testimony at a hearing.

■ Rule 74.05(d) provides that "[u]pon motion stating facts constituting a meritorious defense and for good cause shown, an interlocutory order of default or a default judgment may be set aside." A motion to set aside a judgment cannot prove itself. *First Community Bank v. Hubbell Power Systems, Inc.*, 298 S.W.3d 534, 540 (Mo.App. S.D.2009); *Hinton v. Proctor & Schwartz, Inc.*, 99 S.W.3d 454, 458 (Mo.App. E.D.2003); *Reed v. Reed*, 48 S.W.3d 634, 642 (Mo.App. W.D.2001). The motion must be verified or supported by affidavits or sworn testimony produced at the hearing on the motion. *Id.* In the present case, defendant failed to satisfy this requirement. The record does not reflect that defendant's motion to set aside the default judgment was verified or supported by affidavits or sworn testimony at the hearing on the motion. "Where the motion to set aside a judgment is unverified and unsupported by affidavits or sworn testimony, the circuit court has no basis for granting the motion." *Reed*, 48 S.W.3d at 642. Accordingly, the trial court did not abuse its discretion in denying defendant's motion to set aside the default judgment.[3]

■ Defendant did file a **verified** motion to reconsider the denial of its motion to set aside. Defendant's motion for reconsideration may be treated as a motion for new trial under Rule 78.01 if, as in this case, it was timely filed. *Hinton*, 99 S.W.3d at 459–60. Rule 78.01 states in part, "On a motion for a new trial in an action tried without a jury, the court may open the judgment if one has been entered, take additional testimony, amend findings of fact or make new findings, and direct the entry of a new judgment." In *Hinton*, this court stated that "Rule 74.05(d) provides for the setting aside of a default judgment by the trial court when the party requesting such relief meets certain requirements in the motion requesting such relief, not in a motion for reconsideration after a judgment denying the *motion requesting such relief.*" *Id.* Even assuming that the trial court for purposes of Rule 74.05(d) could consider defendant's verified motion to reconsider under Rule 78.01, it would have had discretion not to do so. *See In re Coe*, 903 S.W.2d 916, 918 n. 1 (Mo. banc 1995).[4] Defendant's first point is denied.

■ In its second point, defendant argues that the trial court erred in its award of damages to plaintiff. Defendant contends that when, as in this case, a plaintiff sues for an unliquidated sum and takes a default judgment, there must be proof of the damages.

■ Defendant failed to challenge the damages award in its motion to set aside. Defendant first raised the issue in its motion to reconsider. The issue is not prop-

---

3. The trial court did not state in its judgment a reason for denying defendant's motion. Rule 74.05 does not require the trial court to state a reason for denying a motion to set aside a default judgment. *Sears v. Dent Wizard Int'l Corp.*, 13 S.W.3d 661, 665 (Mo.App. E.D.2000).

4. Amending Rule 74.05(d) to provide that a motion to set aside an order or judgment of default should be verified, could possibly rectify any confusion in the future such as may have occurred here.

erly preserved and review is for plain error. Rule 84.13(c). "Plain errors affecting substantial rights may be considered on appeal, in the discretion of the court, though not raised or preserved, when the court finds that manifest injustice or miscarriage of justice has resulted therefrom." *Id.* Plain error is rarely applied in civil cases. *In re S.R.J., Jr.,* 250 S.W.3d 402, 405–06 n. 2 (Mo.App. E.D.2008).

In a case where the plaintiff has taken a default judgment and sued for an unliquidated sum in the underlying action there must be some proof of damages to validly support an assessment of damages. *Duvall v. Maxey,* 249 S.W.3d 216, 222 (Mo.App. W.D.2008); *Beckmann v. Miceli Homes, Inc.,* 45 S.W.3d 533, 540 (Mo.App. E.D.2001). Because a judgment is by default does not excuse the legal requirement that "probative evidence" sustain a damage award for the adjudication of an unliquidated claim for damages. *Beckmann,* 45 S.W.3d at 541; *Smith v. Sayles,* 637 S.W.2d 714, 718 (Mo.App. 1982). Although a defaulting defendant loses the right to contest the determination of liability, the defendant is entitled to have the court hear evidence regarding damages and to base its determination on the evidence adduced. *Duvall,* 249 S.W.3d at 222–23. When the damages are unliquidated, a default is not an " 'admission of the amount of damages claimed, which then becomes a matter of proof.' " *Beckmann,* 45 S.W.3d at 541.

In the present case, the record does not reflect that the trial court conducted a hearing on the issue of damages. Plaintiff did allege in its petition that it suffered damages "in the principal amount of $23,536.56 (31% of $83,206.89 as of October 29, 2007), plus additional charges that have and continue to accrue. . . ." But the allegations in the petition do not constitute "probative evidence" for plaintiff to prove damages. *See Haynes v. Bohon,* 878 S.W.2d 902, 905 (Mo.App. E.D.1994).

Also part of the record is a document titled "Court of Five Gardens Expenses October 2007 through April 2009" (Document). The Document lists dates, services provided, the apparent name of the provider of the service and amounts. On appeal, plaintiff states that the Document "was attached as an exhibit to [plaintiff's] petition" and "was evidence for the court to base its decision." [5] Plaintiff's petition refers to three exhibits but not to the Document. Further, plaintiff's petition was filed on December 30, 2008 but the Document lists charges from November 2007 to April 14, 2009. The minute entries do not provide that the Document was added as an attachment after the petition's original filing in December 2008 or that an amended petition was filed. Moreover, it is unclear when or if the Document was before the trial court. Ostensibly, the Document could have been presented to the court when it entered the default judgment. [6] But the Document is not file stamped and not referred to in the minute entries. We also note that defendant argues that certain charges listed in the Document are not payable under the agreement.

The Western District in *Duvall* and *Smith,* considered the damage awards arising from default judgments. 249 S.W.3d at 221–24; *Smith,* 637 S.W.2d at

---

5. Plaintiff also asserts that "evidence for the court to base its decision" consists of the prayer of the petition and descriptions in the petition regarding defendant's obligations and types of charges to be assessed. The petition though was not verified.

6. The default judgment with the damages award was prepared by plaintiff and signed by the court.

716–19. In *Duvall*, the court held because of the lack of evidence regarding damages the trial court plainly erred in its determination of the damages award. 249 S.W.3d at 224. Similarly in *Smith*, the court held that to allow an "award for actual damages to stand on [ ] sparse proof would be a manifest injustice." 637 S.W.2d at 718.

In this case, there was no presentation of any probative evidence regarding damages: no witnesses presented at a hearing, no affidavit, nothing verified, or any document that possessed any indicia of reliability. There is not a modicum of probative evidence to support the award of damages. Our review of the entire record in this particular case shows a manifest injustice would occur to permit the award of damages to stand. The case is remanded for a hearing on the issue of damages.

### Conclusion

The judgment denying defendant's motion to set aside is affirmed in part, reversed in part and remanded for further proceedings consistent with this opinion.

MARY K. HOFF, J., and LAWRENCE E. MOONEY, J., concur.