Marqual R. McGEE, a Minor, by and through his Next Friend and Mother, Ray McGEE, Respondents,

v.

CITY OF PINE LAWN, Appellant.

No. ED 99030.

Missouri Court of Appeals, Eastern District, Division Four.

July 16, 2013.

Christopher Carter, St. Louis, MO, for appellant.

Joseph K. Robbins, St. Louis, MO, for respondents.

LAWRENCE E. MOONEY, Presiding Judge.

The defendant, the City of Pine Lawn, appeals the judgment entered by the Circuit Court of the City of St. Louis denying its motion to set aside a default judgment awarding $500,000 in damages to the plaintiff, Marqual McGee. We affirm the denial of the City's motion to set aside the default judgment as to the City's liability. However, because the record contains no evidence to support the damage award, we reverse the denial of the City's motion to set aside the default judgment as to the damage award and remand for an evidentiary hearing.

### Factual and Procedural History

The plaintiff filed suit against the City, alleging multiple injuries resulting from an assault that occurred while the plaintiff was an invitee on the City's property. The petition asserted that the plaintiff had incurred, and would continue to incur, medical treatment and associated expenses for head, jaw, chin, and back injuries he sustained as a direct and proximate result of the City's negligence. The petition sought an unspecified amount of damages.

The trial court issued a summons, and the plaintiff served Brian Krueger, the Pine Lawn City Administrator, on April 7, 2011. The City failed to answer or to file any response to the petition. On June 20, 2011, the trial court conducted a default hearing. In a hand-written judgment, Judge John Riley noted that, although properly served, the City had failed to

answer or appear. Judge Riley found in favor of the plaintiff and against the City, awarding the sum of $500,000 "based on evidence produced and damages shown."

Ten months later, the City filed a motion to set aside the default judgment pursuant to Rule 74.05(d), which requires facts constituting a meritorious defense and a showing of good cause. The City failed to verify the motion, failed to attach any supporting affidavits, and failed to present any testimony of either good cause or a meritorious defense. The City maintained, first, that Krueger did not receive service. Second, the City contended that Rule 54.13(b)(4) requires that service on a city be achieved through its mayor, city clerk, or city attorney or through the chief executive officer of a municipal corporation or body, and that Krueger did not hold any of these positions. The City never argued to the motion court that Krueger was not otherwise lawfully entitled to accept service for the City or that the trial court lacked personal jurisdiction over the City as a result.

The plaintiff responded to the City's motion along with a supporting affidavit executed by its process server. In his affidavit, the process server swore that he served the summons upon the City Administrator after inquiring who was eligible to accept service, and that the City Administrator told the process server that he, Krueger, was eligible to accept service. Additionally, according to the affidavit, the City Administrator provided a copy of his business card to the process server after accepting service.

Judge Joan Moriarty denied the City's motion to set aside the default judgment, and the City appeals.

## Discussion

In two points on appeal, the City contends that the motion court erred in denying its motion to set aside because the trial court lacked personal jurisdiction and no evidence supported the damage award.

### Personal Jurisdiction

■ In its first point, the City claims the motion court erred in denying its motion to set aside the default judgment. The City asserts that the trial court lacked personal jurisdiction because the plaintiff did not serve any of the persons identified by Supreme Court Rule 54.13(b)(4) as authorized to accept service for a city. The City no longer disputes that the City Administrator "may have been served." The City, however, now expressly contends that the City Administrator is not authorized to accept service for matters involving the City, an argument not presented to the motion court below. In addition, the City argues for the first time on appeal that the default judgment is void pursuant to Rule 74.06(b)(4) for lack of personal jurisdiction because of the alleged improper service.

■ Rule 74.05(d), on which the City based its motion to set aside, states in relevant part that "[u]pon motion stating facts constituting a meritorious defense and for good cause shown, an interlocutory order of default or a default judgment may be set aside." We review the decision on a motion to set aside a default judgment for an abuse of discretion. *Court of 5 Gardens Condo. Ass'n v. 10330 Old Olive, LLC,* 326 S.W.3d 834, 836 (Mo.App. E.D. 2010). A court has broader discretion to sustain a motion to set aside a default judgment than it has to overrule such a motion. *Id.*

■ The motion to set aside must allege facts demonstrating a defendant's reasonable diligence or good cause for the default and the existence of a meritorious defense. Rule 74.05(d); *Jew v. Home Depot USA, Inc.,* 126 S.W.3d 394, 396 (Mo.App. E.D.

2004) *abrogation on other grounds recognized by A.D.D. v. PLE Enterprises Inc.,* No. WD75270, —— S.W.3d ——, 2013 WL 1964838 (Mo.App. W.D. May 14, 2013). "A motion to set aside a judgment cannot prove itself." *Court of 5 Gardens,* 326 S.W.3d at 837. The defendant must verify the motion or support it by affidavits or sworn testimony. *Id.*

Rule 54.13(b) provides how and on whom service may be made within the state.

(4) On Public or Quasi–Public Corporation or Body. Upon a public, municipal, governmental or quasi-public corporation or body, by delivering a copy of the summons and petition to the clerk of the county commission in the case of a county, to the mayor or city clerk or city attorney in the case of a city, to the chief executive officer in the case of any public, municipal, governmental or quasi-public corporation or body or to any person otherwise lawfully so designated. If no person above specified is available for service, the court out of which the process issued may designate an appropriate person to whom copies of the summons and petition may be delivered in order to effect service.

The City maintained that the motion court should set aside the default judgment pursuant to Rule 74.05(d) because Krueger was not the mayor, city clerk, city attorney, or chief executive officer of the City. The City did not contend that Krueger was not "a person otherwise lawfully designated" to accept service as provided by Rule 54.13(b)(4) or that the trial court lacked personal jurisdiction over the City because of the alleged improper service. In fact, the word "jurisdiction" appears nowhere in the City's motion. Furthermore, the City failed to verify its motion, failed to attach any supporting affidavits, and failed to present any testimony regarding either good cause or a meritorious defense as required by Rule 74.05(d). Thus, the City failed to present any affidavits, testimony, or other evidence that Krueger was not lawfully designated to accept service and that the trial court lacked personal jurisdiction over the City.

■■■ Where the motion to set aside the default judgment lacks facts relevant and material to a showing of good cause and a meritorious defense, a defendant is not entitled to have a default judgment set aside. *Jew,* 126 S.W.3d at 396. Furthermore, where the motion is not verified and is not supported by affidavits or sworn testimony, the court has no basis for granting the motion. *Court of 5 Gardens,* 326 S.W.3d at 837.

Here, the City failed in every respect to present facts showing a good cause and a meritorious defense. Moreover, the City failed to allege that Krueger was not authorized to accept service, failed to assert that the trial court lacked personal jurisdiction over the City, and failed to verify its motion or to present affidavits or sworn testimony to support its position in any respect. The motion court did not abuse its discretion when it denied the City's motion to set aside the default judgment as to the issue of liability.

■■■ The City also argues for the first time on appeal that the default judgment is void and should be set aside pursuant to Rule 74.06(b)(4) for lack of personal jurisdiction resulting from improper service. Rule 74.06(b) provides in relevant part that "[o]n motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment or order for the following reasons: . . . (4) the judgment is void . . . ."

■■■ Rules 74.05 and 74.06, as well as Rule 75.01, each provide a procedure for setting aside a judgment, and each rule has its own standard for relief. *Gibson v.*

*White,* 904 S.W.2d 22, 24 (Mo.App. W.D. 1995). Of the three, Rule 74.06 requires the highest standard for setting aside a judgment because of the interest in stability of final judgments and precedent. *Id.* Whether a judgment should be vacated because it is void is a question of law that we review de novo. *Kerth v. Polestar Entm't,* 325 S.W.3d 373, 378 (Mo.App. E.D. 2010).

The City's new argument fails for at least two reasons. First, it is not preserved for our review. The City did not ask the motion court to determine whether the default judgment was void for lack of personal jurisdiction. It is only on appeal, after losing its Rule 74.05(d) motion on the merits, that the City first claims the default judgment was void for lack of personal jurisdiction and should be set aside pursuant to Rule 74.06(b)(4).

 Section 512.160.1. RSMo. (2000) provides in relevant part that allegations of error not presented to or expressly decided by the trial court shall not be considered in any civil appeal. "Simply put, a party cannot rely on one theory to set aside a judgment before the trial court then, when unsuccessful, rely upon a different theory on appeal." *McCullough v. Commerce Bank,* 349 S.W.3d 389, 395 (Mo. App. W.D.2011)(citing *Anderson v. Anderson,* 869 S.W.2d 289, 292 (Mo.App. S.D.1994)). The party claiming lack of jurisdiction bears the burden of establishing its claim. *In re Marriage of Dooley,* 15 S.W.3d 747, 753 (Mo.App. S.D.2000).

 Where a party fails to present to the motion court a claim that a judgment is void and raises the issue for the first time on appeal, the issue has not been properly preserved for appellate review. *Gibson,* 904 S.W.2d at 26. Because the City's motion to set aside failed to challenge the trial court's personal jurisdiction over the City, it has waived its right to challenge the default judgment based on lack of personal jurisdiction. *Dooley,* 15 S.W.3d at 753; *see also Clark v. Clark,* 926 S.W.2d 123, 127 (Mo.App. W.D.1996)(party not entitled to pursue strategy of addressing merits in the trial court while holding procedural defenses until appeal so as to gain a second bite at the apple if party loses on the substantive issues).

 Second, even if we were to consider the City's new argument and assumed, *arguendo,* that the City's motion somehow sought relief under Rule 74.06(b)(4), the City would still fail. The City did not take the position in the motion court that the City Administrator was not "a person otherwise lawfully designated" to accept service of process, which is integral to the contention that the trial court lacked personal jurisdiction over the City. We reiterate that the party claiming lack of jurisdiction bears the burden of establishing its claim. *Dooley,* 15 S.W.3d at 753. The City did not meet its burden. The City's motion was deficient, for the reasons explained previously, because the motion was not verified, and the City failed to present affidavits or sworn testimony to support its contention that the trial court lacked personal jurisdiction over the City. Consequently, no evidence supports a conclusion that the trial court lacked personal jurisdiction over the City so that the judgment against it would be void.[1] We deny the City's first point.

---

1. The City attempted to supplement the record on appeal with new evidence to support its current argument that the City Administrator is not lawfully designated to accept service of process. This Court ordered the City's supplemental material stricken. Documents not considered and not made part of the record below cannot be introduced into the record on appeal, and we cannot consider them.

*Damage Award*

■ In its second point, the City argues that the motion court plainly erred in declining to set aside the damage award in the default judgment because there was no substantial evidence to support an award of damages in the sum of $500,000. The City contends that without probative evidence or proof of damages, as in this case, a manifest injustice would occur if we allow the plaintiff's unsubstantiated damages to stand.

■ The City acknowledges that it did not challenge the damage award in its motion to set aside; thus, the claim was not properly preserved for appellate review. *Court of 5 Gardens*, 326 S.W.3d at 837–38. However, the City asserts that we should review the claim for plain error pursuant to Rule 84.13(c). Although we rarely apply plain-error review in civil cases, we have the discretion to review for plain error affecting substantial rights when we find that a manifest injustice or miscarriage of justice would result. *Id.* at 838.

■ Where the plaintiff presented no probative evidence regarding damages, a manifest injustice would occur if the Court permits the award of damages to stand. *Id.* at 839. Where a plaintiff sues for an unliquidated sum and takes a default judgment, "there must be some proof of damages to validly support an assessment of damages." *Id.* at 838. Even in a judgment by default, probative evidence must support a damage award. *Id.* Although a defaulting defendant loses the right to contest the determination of liability, the defendant retains the right to have the court hear evidence regarding damages and to base its determination on the evidence adduced. *Id.*

In *Court of 5 Gardens*, we considered a damage award arising from a default judgment under similar circumstances. *Id.* at 837–39. The record indicated no damages hearing occurred, identified no witnesses who may have testified at a hearing, contained no affidavits, and contained no verified evidence. *Id.* at 838–39. Given these facts, we held that "there [was] not a modicum of probative evidence to support the award of damages." *Id.* at 839. Additionally, we held that "a manifest injustice would occur [if we] permit[ted] the award of damages to stand," and we remanded for a hearing on the issue of damages. *Id.*

In *Duvall v. Maxey*, the Western District likewise remanded for a hearing on the issue of damages awarded in a default judgment because the evidence was insufficient to sustain the trial court's damage award. 249 S.W.3d 216, 218 (Mo.App. W.D.2008). In *Duvall*, the plaintiff "presented virtually no testimony supporting any substantial damages...." *Id.* at 222. The Court ultimately held that "[b]ecause of the lack of evidence," there was "plain, obvious error in the determination of the damage awards...." *Id.* at 224.

■ In the present case, the record contains no evidence whatsoever to substantiate the assessment of damages. The plaintiff's petition claimed expenses for past and future medical care and treatment. However, "allegations in the petition do not constitute 'probative evidence' for [the] plaintiff to prove damages." *Court of 5 Gardens*, 326 S.W.3d at 838.

■ Furthermore, the record does not reflect a separate damages hearing. The minutes reflect that Judge Riley conducted a default hearing on June 20, 2011, and awarded damages of $500,000 at that

*In re J.M.,* 328 S.W.3d 466, 469 (Mo.App. E.D.2010).

time.[2] The trial court may have held a "very informal discussion" with the plaintiff regarding damages, as the plaintiff characterized it at oral argument, or the plaintiff may have shown the trial court documentation of medical expenses at that hearing. However, it appears that no transcript was made of that "discussion," and the record does not reflect any such documents entered into evidence.

The record is also devoid of affidavits relating to damages, names of witnesses who testified, and verified documents. The only reference in the record to any evidence of damages is the June 20, 2011 handwritten judgment, which simply states that "based on evidence provided and damages shown judgment is hereby entered in favor of [the plaintiff]. . . ." However, the record contains no indication of the evidence to which that statement refers or what that evidence may involve.

Considering the complete dearth of evidence of damages, we shall exercise our discretion to review for plain error. And given the lack of probative evidence regarding damages, we hold that the motion court plainly erred when it denied the City's motion to set aside the default judgment as to the issue of damages, and that a manifest injustice would occur if the damage award were allowed to stand. We grant the City's second point.

### Conclusion

We affirm the motion court's denial of the City's motion to set aside the default judgment as to liability. However, as to the issue of damages, we reverse the motion court's denial of the City's motion to set aside the default judgment, and re-

mand for an evidentiary hearing on the issue of damages.

PATRICIA L. COHEN, J., and KURT S. ODENWALD, J., concur.

---

**2.** It is permissible for the trial court to determine liability and damages in the same pro-

ceeding. *Beckmann v. Miceli Homes, Inc.*, 45 S.W.3d 533, 540 (Mo.App. E.D.2001).