In the Missouri Court of Appeals
 Eastern District
 DIVISION THREE

ERIC DIECKMANN, ) No. ED108670
 )
 Respondent, ) Appeal from the Circuit
 ) Court of St. Louis County
vs. )
 ) Honorable Nancy Watkins
 ) McLaughlin
JH CONSTRUCTION 2, LLC, D/B/A JH )
EXTERIORS, et al., )
 )
 Appellants. ) FILED: March 9, 2021

 Introduction

 Appellants JH Construction 2, LLC (“JH Construction”), JH Exteriors, LLC, JH

Exteriors Series-LLC, JH Exteriors1, LLC, Joshua and Chalsea S. Hudson (the “Hudsons”), and

Heather N. Killian (“Killian”) (collectively, “Appellants”) appeal from the judgment of the trial

court following a bench trial. The trial court found Appellants jointly and severally liable to

plaintiff-respondent Eric Dieckmann (“Dieckmann”) for violations of Missouri’s Uniform

Fraudulent Transfer Act (“MUFTA”) and awarded $101,283.63 in compensatory damages and

$50,000 in punitive damages.

 In their first point on appeal, Appellants allege the trial court erred in entering judgment

against them based on a void default judgment entered in a previous case in violation of a

bankruptcy stay. In their second point on appeal, Appellants argue the trial court erred in
denying their motion to set aside the judgment because the judgment was entered in violation of

a second bankruptcy stay. In their third point on appeal, Appellants challenge the judgment

entered against them on the counts concerning piercing the corporate veil because the claims

were barred by the statute of limitations, claim splitting, and Section 347.141,1 which governs

the disposition of claims against limited liability corporations following their dissolution.

Appellants also argue there was insufficient evidence to support the judgment on these claims.

In their final point on appeal, Appellants allege the trial court erred in entering judgment against

them under MUFTA because not all Appellants were debtors under MUFTA and because the

award of damages was not supported by the evidence.

 Because the first bankruptcy stay in effect when the default judgment was entered in the

previous case stayed only personal claims against Joshua Hudson, the judgment entered against

JH Construction did not violate the first bankruptcy stay. In addition, the judgment in the present

case was not entered while the second bankruptcy stay was in effect, and nothing that occurred

while the stay was in effect voided the judgment entered against Appellants. Accordingly, we

deny Points One and Two. Because Point Three raises at least four distinct claims of error, we

dismiss Point Three for failing to comply with Rule 84.04(d).2 Lastly, the Appellants are

properly deemed debtors under MUFTA because of the trial court’s ruling piercing the corporate

veil of the business entities. Because the award of damages was supported by sufficient evidence

in the record, we deny Point Four. Accordingly, we affirm the judgment of the trial court.

 Factual and Procedural History

 The Hudsons, a married couple, formed JH Construction in 2009. JH Construction began

doing business as JH Exteriors in 2011. On July 30, 2013, Dieckmann filed suit against JH

1
 All Section references are to RSMo (2016), unless otherwise specified.
2
 All Rule references are to Mo. R. Civ. P. (2020), unless otherwise specified.

 2
Construction, alleging he did not receive full compensation for services rendered to JH

Construction.

 On August 31, 2016, Joshua Hudson filed for personal bankruptcy protection under

Chapter 13 of the bankruptcy code (the “First Bankruptcy”). Chapter 13 provides for bankruptcy

relief to individuals, as opposed to Chapter 11 which provides for bankruptcy relief for

individuals, partnerships, or corporations. See In re Litton, 330 F.3d 636, 640 n.3 (4th Cir. 2003)

(internal citations omitted); 11 U.S.C. Sections 1101–95, 1301–30 (2018).

 Dieckmann’s claim against JH Construction was set for trial on December 12, 2016. No

one appeared on behalf of JH Construction at the trial setting. The trial court entered a default

judgment in favor of Dieckmann and against JH Construction and awarded $101,283.63 for

damages and attorneys’ fees.

 In December 2016, after the default judgment was entered against JH Construction,

the Hudsons and Killian formed JH Exteriors, LLC and JH Exteriors-Series, LLC.

 On August 14, 2017, the bankruptcy court dismissed the First Bankruptcy after Joshua

Hudson failed to make the required plan payments.

 In December 2017, Dieckmann filed the present action against Appellants. Later that

month, the Hudsons filed for Chapter 13 bankruptcy (the “Second Bankruptcy”). The Hudsons

listed Dieckmann as a creditor. On January 31, 2018, the bankruptcy court entered an automatic

stay which would remain in effect as to all creditors until the bankruptcy court ordered

otherwise.

 On February 5, 2018, the Hudsons and Killian formed JH Exteriors1, LLC.

 3
 On August 10, 2018, the bankruptcy court dismissed the Second Bankruptcy for failure to

make plan payments. The same day, the Hudsons, Killian, and JH Construction filed their

answer in the present case.

 On January 11, 2019, Dieckmann filed his amended petition.3 Count I sought to pierce

the corporate veil of JH Construction and hold Joshua Hudson personally liable for the debts of

JH Construction. Count II sought to pierce the corporate veil of JH Exteriors, LLC, JH

Exteriors1, LLC, and JH Exteriors-Series, LLC and hold the Hudsons personally liable for the

debts of these entities. Count III alleged that Joshua Hudson had defrauded Dieckmann. Count

IV alleged the Appellants had engaged in fraudulent transfers in violation of MUFTA following

the judgment in the previous case.

 Count III was dismissed during trial. Following trial, on December 10, 2019, the trial

court entered judgment in favor of Dieckmann on Counts I and II, pierced the corporate veil of

the corporate defendants, and found all Appellants jointly and severally liable on the judgment.

Specifically, the trial court found the corporate defendants comprised a single joint enterprise

undertaken by the Hudsons and Killian. The trial court also found in Dieckmann’s favor on

Count IV. The trial court made extensive findings regarding monetary transfers between

Appellants, including Joshua Hudson’s and Killian’s unexplained cash withdrawal of $154,000

from a JH Construction account from July 2014 to May 2017 and Appellants’ collective transfer

of $547,363.76 in excess of what JH Construction and Joshua Hudson reported on their federal

income tax returns between 2014 and August 2019. The trial court awarded $101,283.63 in

compensatory damages, $50,000 in punitive damages, and attorneys’ fees, which were

determined to be $56,849.62 in the subsequent amended judgment.

3
 The initial petition was not included in the legal file on appeal. Following oral arguments, the Appellants moved
to supplement the record on appeal with the initial petition, which we denied.

 4
 Following the issuance of the amended judgment, Appellants moved to set aside the

judgment as void. Appellants argued both that the trial court lacked jurisdiction due to the stay

in the Second Bankruptcy and that the previous judgment was also void due to the stay in the

First Bankruptcy. The trial court denied the motion. This appeal follows.

 Points on Appeal

 In Point One, Appellants challenge the validity of the judgment entered against them

because it is premised upon a previous void judgment that was entered in violation of the stay in

the First Bankruptcy. In Point Two, Appellants challenge the validity of the judgment because it

was entered in violation of the stay in the Second Bankruptcy. In Point Three, Appellants

contend that the trial court erred in entering judgment against all Appellants on those counts

concerning piercing the corporate veil because the claims were barred by the statute of

limitations, claim splitting, and Section 347.141, and because there was insufficient evidence to

support the judgment. In Point Four, Appellants allege the trial court erred in entering judgment

against them under MUFTA because not all Appellants were debtors under MUFTA and because

the award of damages was not supported by the evidence.

 Discussion

I. Point One—The Stay in The First Bankruptcy Did Not Void The Previous
 Judgment

 Appellants allege the trial court erred when it entered judgment against them based on a

void previous judgment. Appellants reason that the default judgment upon which the trial court

based its judgment in this case was void because the trial court entered the default judgment

against JH Construction in December 2016 while an automatic stay was in effect in the First

Bankruptcy.

 5
 A. Standard of Review

 In court-tried civil cases we will affirm the judgment of the trial court “unless there is no

substantial evidence to support it, it is against the weight of the evidence, or it erroneously

declares or applies the law.” Pearson v. Koster, 367 S.W.3d 36, 43 (Mo. banc 2012) (per

curiam) (quoting White v. Dir. of Revenue, 321 S.W.3d 298, 307–08 (Mo. banc 2010)). We

review questions of law de novo, with no deference to the trial court’s conclusions of law. Id. at

43–44 (internal citations omitted).

 B. Analysis

 When a bankruptcy case is voluntarily commenced by the filing of a petition with the

bankruptcy court, an automatic stay enters into effect barring:

 the commencement or continuation, including the issuance or employment of
 process, of a judicial, administrative, or other action or proceeding against the
 debtor that was or could have been commenced before the commencement of the
 case under this title, or to recover a claim against the debtor that arose before the
 commencement of the case under this title[.]

11 U.S.C. Section 362(a)(1) (2012). Actions taken in violation of an automatic stay are

generally considered void. Suedkamp v. Taylor, 578 S.W.3d 408, 416 (Mo. App. E.D. 2019)

(citing Crowley v. Crowley, 715 S.W.2d 934, 938 (Mo. App. S.D. 1986)).

 The record clearly shows that the default judgment against JH Construction was entered

while the stay was in effect in the First Bankruptcy. But JH Construction was not a party to the

First Bankruptcy; the First Bankruptcy was commenced by Joshua Hudson in his individual

capacity. “If estate property is not involved, the automatic stay generally protects only the

debtor and not co-debtors, sureties, garnishees subject to personal liability for breach of duty,

principals, officers, related corporations, and alleged alter egos.” McDaniel v. Park Place Care

Ctr., Inc., 918 S.W.2d 820, 824 (Mo. App. W.D. 1996) (emphasis added). “Nowhere does the

statute imply that the stay applies to actions against non-bankrupts, as well as the bankrupts, in a

 6
single proceeding.” Moore v. Seabaugh, 684 S.W.2d 492, 497 (Mo. App. E.D. 1984).

Appellants offer authority from the courts of other jurisdictions suggesting a more expansive

reach of a bankruptcy stay. See Queenie, Ltd. v. Nygard Int’l, 321 F.3d 282, 284 (2nd Cir. 2003)

(finding a stay created by the filing of a bankruptcy petition by the individual debtor extended to

the debtor’s wholly-owned corporation). However, other persuasive authorities support

Missouri’s position:

 [T]he plain language of the statute . . . provides that the automatic stay protects
 only the debtor, not non-debtor entities. Just because two entities are alter egos
 does not make them both debtors under the Bankruptcy Code. It simply means
 they are liable for each other's debts. If the non-debtor entity wants that protection,
 it need only file its own petition.

Pavers & Rd. Builders Dist. Council Welfare Fund v. Core Contracting of N.Y., LLC, 536 B.R.

48, 51 (E.D.N.Y. 2015) (emphasis added) (noting “there are far more decisions that protect non-

debtors only pursuant to an application for an injunction” than cases protecting non-debtors in

the absence of such an application).

 Here, if JH Construction desired the protection of the bankruptcy laws, it could have filed

for bankruptcy under the federal bankruptcy code. See McDaniel, 918 S.W.2d at 824. It did not.

Thus, the default judgment entered against JH Construction was not void because it was not

entered in violation of the stay in the First Bankruptcy. See id. Accordingly, the trial court did

not err in applying the law. See Pearson, 367 S.W.3d at 43–44. Point One is denied.

II. Point Two—The Judgment in The Present Case Was Not Entered in Violation of
 The Stay in The Second Bankruptcy Case

 Appellants next argue the trial court erred in denying their motion to set aside the

judgment in the present case because the judgment was entered in violation of an automatic

bankruptcy stay in the Second Bankruptcy. Specifically, Appellants argue the judgment is void

 7
because the present suit was continued and Appellants were served while the stay was in effect in

the Second Bankruptcy.

 A. Standard of Review

 As with Point One, we review the trial court’s judgment de novo, without deference to

the trial court, to determine whether the trial court erroneously declared or misapplied the law.

See Pearson, 367 S.W.3d at 43–44.

 B. Analysis

 Unlike Point One, the judgment in the present case was not entered while a stay was in

effect in the Second Bankruptcy. We note that the amended petition upon which the judgment

was entered was not filed until after the stay in the Second Bankruptcy had been lifted.4

Appellants correctly note that they were served with process and the original petition in the

present case while the stay in the Second Bankruptcy was in effect. As a result, Appellants argue

service was improper and correspondingly, the trial court lacked jurisdiction to hear the matter.

See Suedkamp, 578 S.W.3d at 416.

 “Proper service of process is a prerequisite to personal jurisdiction.” Killingham v.

Killingham, 530 S.W.3d 633, 635 (Mo. App. E.D. 2017) (emphasis added). To raise a defense

of lack of personal jurisdiction, defendants must do so either in their answer or a pre-answer

motion; failure to do so results in waiver of the defense. Plasmeier v. George, 575 S.W.3d 485,

487–88 (Mo. App. E.D. 2019); Rule 55.27(a), (g). Further, unlike subject matter jurisdiction, an

allegation of lack of personal jurisdiction cannot be properly raised for the first time on appeal.

4
 We note that Appellants contend the initial petition was filed in violation of the stay in the Second Bankruptcy.
We do not address this contention because the initial petition was not included in the legal file and therefore is not
subject to review. J & M Sec., LLC v. Brown, 388 S.W.3d 566, 571 (Mo. App. E.D. 2012) (“We cannot and will
not consider documents outside the record.”).

 8
See McGee ex rel. McGee v. City of Pine Lawn, 405 S.W.3d 582, 587 (Mo. App. E.D. 2013)

(internal citations omitted).

 Here, even assuming service of process was void due to the automatic stay in place in the

Second Bankruptcy, this deficiency would have merely resulted in an objectionable defect as to

personal jurisdiction. See Killingham, 530 S.W.3d at 635. Importantly, the record does not

reflect that Appellants raised a defense of lack of personal jurisdiction in either their answer or a

pre-answer motion. See Rule 55.27(a); Plasmeier, 575 S.W.3d at 487–88. As a result,

Appellants waived any claim based on lack of personal jurisdiction. See Rule 55.27(a), (g);

Plasmeier, 575 S.W.3d at 487–88.

 Additionally and more generally, we agree with Dieckmann that any defenses arising out

of the stay in the Second Bankruptcy were waived. While Appellants are correct that they did

not have the authority to waive the protections of the bankruptcy stay, Ousley v. Casada, 985

S.W.2d 757, 758 (Mo. banc 1999) (per curiam) (internal citations omitted), the trial court did not

enter a judgment during the bankruptcy stay. Here, Appellants are attempting to invoke the

bankruptcy stay’s protections on procedural grounds where the judgment was entered after the

stay was lifted. Where a judgment is not entered in the violation of a stay, we find that “[w]hen a

debtor appears and defends a suit on any basis other than application of the automatic stay, the

debtor is deemed to have waived the automatic stay as to that particular action.” Lunde v. Am.

Family Mut. Ins. Co., 297 S.W.3d 88, 92 (Mo. App. W.D. 2009) (quoting In re Hoskins, 266

B.R. 872, 879 (Bankr. W.D. Mo. 2001)) (finding a defense arising out of a bankruptcy stay was

waived where the judgment at issue was entered before the stay went into effect). “To hold

otherwise would allow a debtor to have a trump card that he could play if he did not like the

outcome of the action, but allowing him to take a favorable judgment.” Id. (quoting Hoskins,

 9
266 B.R. at 879). Indeed, that may be exactly what occurred here: Appellants litigated the

present case in full without ever raising the issue of the bankruptcy stays, only to move to set

aside the judgment as void and appeal after the trial court entered a judgment that was not in

their favor. See id.

 We note that our holding is consistent not only with Missouri precedent providing that

actions taken in violation of a bankruptcy stay are only generally void, but also case law from

other jurisdictions recognizing an equitable exception to violations of a bankruptcy stay where a

debtor invokes the protection of a bankruptcy stay after an unreasonable delay. See Suedkamp,

578 S.W.3d at 416; Easley v. Pettibone Michigan Corp., 990 F.2d 905, 910–11 (6th Cir. 1993)

(internal citations omitted) (holding that actions taken in violation of a stay are more properly

characterized as voidable than void in part because of the recognized equitable exception to the

application of the stay when the debtor unreasonably delays in asserting its protections); see also

In re Calder, 907 F.2d 953, 956–57 (10th Cir. 1990) (per curiam) (refusing to apply the

protections of the stay on equitable grounds where the debtor only raised the stay after receiving

an unfavorable judgment in state court); Matthews v. Rosene, 739 F.2d 249, 251–52 (7th Cir.

1984) (refusing to apply the protections of the stay on equitable grounds where the debtor raised

the stay after an unreasonable delay and where the debtor initiated the action); In re Smith Corset

Shops, Inc., 696 F.2d 971, 976–77 (1st Cir. 1982) (holding on equitable grounds that a creditor

did not commit conversion when it took possession of inventory protected by an automatic stay

where the creditor was unaware of the stay and the debtor did not notify the creditor of the stay

even when the debtor knew the creditor was taking possession of the debtor’s property).

 Because the stay in the Second Bankruptcy did not invalidate the judgment in the present

case and because any defenses premised upon a bankruptcy stay were waived by Appellants, the

 10
trial court did not err in refusing to set aside the judgment against Appellants. See Pearson, 367

S.W.3d at 43–44; Lunde, 297 S.W.3d at 92. Accordingly, Point Two is denied.

III. Point Three—Dismissed as Multifarious

 Appellants challenge the trial court’s entry of judgment against them on those counts

concerning piercing the corporate veil for various unrelated reasons. In Point Three, Appellants

raise four distinct legal theories as to why the trial court erred: that the claims were barred by the

statute of limitations, claim splitting, and Section 347.141, and because there was insufficient

evidence to support the judgment. Rather than address these separate legal theories individually

within Point Three, we dismiss the point as improperly multifarious under the rules of appellate

procedure. See Rule 84.04(d); Griffitts v. Old Republic Ins. Co., 550 S.W.3d 474, 478 n.6 (Mo.

banc 2018).

 Points on appeal that raise multiple, independent claims of error are multifarious.

Campbell v. Woodland Lakes Trusteeship, Inc., 591 S.W.3d 511, 513 (Mo. App. E.D. 2019)

(internal citation omitted). “Multifarious points relied on are noncompliant with Rule 84.04(d)

and preserve nothing for review.” Griffitts, 550 S.W.3d at 478 n.6 (internal quotation omitted).

Compliance with Rule 84.04(d) is not a mere technicality that we enforce but rather compliance

is necessary “so that we do not improperly advocate for a party, waste judicial resources, or

misinterpret what a party was arguing.” Librach v. Librach, 575 S.W.3d 300, 306 (Mo. App.

E.D. 2019) (internal citations omitted).

 Appellants raise four separate arguments in Point Three. Additionally, Appellants invoke

at least two different standards of review in arguing that Dieckmann’s claims were barred for

various reasons as a matter of law and that the judgment was not supported by sufficient

evidence, further rendering Point Three impermissibly multifarious. See Ivie v. Smith, 439

S.W.3d 189, 199 n.11 (Mo. banc 2014) (internal citations omitted) (providing that weight-of-the-
 11
evidence challenges, misapplication-of-the-law challenges, and substantial-evidence challenges

require separate points on appeal to comport with the rules of appellate procedure). Because

Point Three wholly fails to comply with the procedural rules set forth by Rule 84.04 and impedes

our ability to review Appellants’ point, Point Three is dismissed.

IV. Point Four—Substantial Evidence Supported the Award

 In their fourth point on appeal, Appellants attack the judgment entered against them

under MUFTA asserting that not all Appellants were debtors under MUFTA and that the award

of damages was not supported by the evidence. We note that Point Four, like Point Three, is also

multifarious in at least two respects. Appellants argue that the trial court erred as a matter of law

and that the damages were not supported by sufficient evidence.5 See id. However, we have

discretion to exercise review of multifarious points on appeal when the argument is readily

ascertainable and does not require us to become an advocate for one party. We opt to exercise

that discretion here. See Newell Mach. Co. v. Pro Circuit, Inc., 596 S.W.3d 635, 648–49 (Mo.

App. W.D. 2020) (internal citation omitted).

 A. Standard of Review

 To the extent that Appellants raise questions of law, we review de novo with no

deference to the trial court’s determination. See Pearson, 367 S.W.3d at 43–44.

 “Substantial evidence is evidence that, if believed, has some probative force on each fact

that is necessary to sustain the [trial] court’s judgment.” Ivie, 439 S.W.3d at 199 (citing In re

K.A.W., 133 S.W.3d 1, 9 (Mo. banc 2004)). When reviewing whether a judgment is supported

by substantial evidence, we view the evidence in the light most favorable to the judgment, defer

5
 We further note that Appellants challenge both the awarded compensatory damages and the awarded punitive
damages in Point Four.

 12
to the trial court’s credibility determinations, accept as true all evidence and inferences favorable

to the judgment, and disregard all contrary evidence. Id. at 200 (internal citations omitted).

 B. Analysis

 First, Section 428.009(6) of MUFTA defines a debtor as “a person who is liable on a

claim.” Appellants first argue that not all Appellants were debtors because Dieckmann’s claims

to pierce the corporate veil were not supported by substantial evidence and thus, only JH

Construction is liable and is a debtor under MUFTA. See May v. Williams, 531 S.W.3d 576,

585–86 (Mo. App. W.D. 2017) (internal citations omitted) (finding an individual member of a

limited liability corporation was not liable as a debtor under MUFTA where the initial debtor

was the corporation and the plaintiff did not pierce the corporate veil). Appellants’ argument

fails because the trial court properly found evidence sufficient to pierce the corporate veil and

entered judgment individually against all Appellants. Accordingly, all Appellants are debtors

under MUFTA. See id. (providing the individual member would have been a debtor had the

corporate veil been pierced).

 Appellants next argue that under Section 428.044.2 Dieckmann is entitled to a damage

award only in the amount of the lesser of either 1) the amount necessary to satisfy his claim, or

2) the actual value of the assets improperly transferred. Specifically, Appellants maintain that

the trial court erred in determining the lesser amount under Section 428.044.2 because it

considered transfers outside of the one-year statute of limitations for claims brought under

Section 428.029.2 and because Dieckmann did not show that the transfers were not in exchange

for something of a reasonably equivalent value under Section 428.029.1. Appellants’ arguments

are unavailing because Dieckmann brought his claim under Section 428.024.1(1) which has a

four-year statute of limitations per Section 428.049(1) and does not require a plaintiff to show

that the transfers at issue were not in exchange for something of a reasonably equivalent value.
 13
 The trial court awarded Dieckmann $101,283.63, which represented the amount

necessary to satisfy his claim arising out of the previous judgment. Because the award was less

than both the more than $500,000 in cash transfers among Appellants and the $154,000 in the

transfers from JH Construction to Joshua Hudson and Killian, the award properly represented the

lesser of the amount necessary to satisfy the claim or the actual value of the assets transferred as

required by Section 428.044.2. Relatedly, our finding that the compensatory damages were

proper is dispositive of the Appellants’ challenge to the punitive damages award, which

Appellants challenged solely because the size of the award of compensatory damages was in

error.

 The trial court properly concluded that all Appellants were debtors under MUFTA,

correctly applied the law concerning the calculation of damages, and its award was supported by

substantial evidence. See Pearson, 367 S.W.3d at 43–44; Ivie, 439 S.W.3d at 199. Accordingly,

Point Four is denied.

 Conclusion

 The judgment of the trial court is affirmed.

 _______________________________
 KURT S. ODENWALD, Judge

Angela T. Quigless, P.J., concurs.
James M. Dowd, J., concurs.

 14